State of Louisiana v. Garvey and Earle.

## No. 4343.

### STATE OF LOUISIANA *v.* JOHN GARVEY AND CHARLES EARLE.

The statements under oath, in a judicial proceeding, made as a party accused and not as a witness, are not to be held as voluntary, and therefore are not admissible as evidence on the trial of said accused party.

Where it was objected to the admission as evidence of a declaration in writing purporting to be a voluntary confession of the accused, on the ground that such a declaration was not voluntary, because it appeared on the trial of the case that it was doubtful whether or not inducements by the Superintendent of the Metropolitan Police had not been offered to the accused to make said declaration, and because under such circumstances, the accused was entitled to the benefit of the doubt;

Held—That the court below erred in overruling the objection.

APPEAL from the First District Court, parish of Orleans. *Abell,* J. Criminal case. Trial by jury. *A. A. Atocha,* for appellants. *Simeon Belden,* for the State.

Justices concurring: Ludeling, Taliaferro, Morgan.

TALIAFERRO, J. The defendants in this case have appealed from a judgment of the First District Court of New Orleans, sentencing them to hard labor in the penitentiary for life, on the verdict of a jury finding them guilty of the crime of murder without capital punishment.

The case comes before this court on two bills of exceptions. The first is to the admission in evidence against the accused, of a declaration in writing purporting to be a voluntary confession by Earle, one of the accused, of the commission of the crime wherewith the parties were charged. The objection is that this declaration was made under oath, Earle being at the time under arrest, and brought before the coroner at the time of holding the inquest over the body of the deceased, by the request of Earle himself to make the said declaration. That the declarations and statements of Earle were given as a party accused and under oath and were not admissible at all.

A clear and well marked distinction is made between the effect of statements made by a party under oath as a witness in a criminal proceeding and the statements under oath by an accused party. In the first case, whatever the witness may state tending to criminate himself in regard to the accusation about which he testifies may be introduced as evidence against him in a subsequent prosecution of himself for the same offense. But it seems to be well settled that the declarations under oath of an accused party are not to be held voluntary and consequently are not admissible in evidence.

Mr. Greenleaf in his treatise on the law of evidence, vol. 1, section 225, in laying down the rule that a party accused must not be sworn, says: "It may at first view appear unreasonable to refuse evidence of confession merely because it was made under oath, thus having in favor of its truth one of the highest sanctions known to the law. But

it is to be observed that none but voluntary confessions are admissible; and that if to the perplexities and embarrassments of the prisoner's situation, are added the danger of perjury, and the dread of additional penalties, the confession can scarcely be regarded as voluntary; but on the contrary, it seems to be made under the very influences which the law is particularly solicitous to avoid." This doctrine appears to be maintained generally by the standard authorities, McNally on Evidence, Roscoe on Criminal Evidence, Russel on Crimes, and others.

In the case of the People v. Hendrickson, the subject underwent a very thorough consideration by the Supreme Court of the State of New York and afterwards by the Court of Appeals of that State. Parker's Criminal Reports, vols. 1 and 2. A review was taken of all the leading English cases, and the few American cases that had then (1852) been reported. Mr. Justice Wright remarked, vol. 1, p. 414: "From this review, I think it must be apparent that it is only when a party accused has been examined on oath that his statements are to be rejected when offered in evidence against him." In passing on Hendrickson's case the Court of Appeals said : " Where the evidence offered has been rejected on the ground that the statement was made when the prisoner was in custody charged with crime, as in Wheeley's case and Owen's case, it seems to me clear that it was properly excluded, because these were cases of the examination of a prisoner not of a witness. In such cases it is a judicial examination, and it should not be on oath and certain precautions, for the protection of the accused are always observed." Vol. 1, p. 420.

In the case of the People v. McMahon, before the same court a few years afterwards, the court remarked: "This subject has been so recently and so fully examined in the case of the People v. Hendrickson, 1 Parker Crim. R. 416, that nothing now can be gleaned from a further review of the authorities. Upon principle there can be no good reason for the exclusion of this evidence. It is only upon a judicial examination, where the prisoner is brought before a magistrate charged with crime, that the accused is to be informed by the magistrate that he is at liberty to refuse to answer any question that may be put to him. He is to be examined but not under oath; and his answers may be subsequently used as evidence against him. That is the examination of a party and not of a witness." * * * * "Under such circumstances McMahon was not before the coroner as a prisoner but as a witness. It does not appear that any person knew of his arrest but Squyres. In regard to the coroner's proceeding, he stood in no respect in the relation of one arrested or even accused. He was there only in the capacity of a witness and it is as such and not as a party that his legal rights are to be determined." 2 vol. Par. Crim. R. pp. 670 and 671.

In the case now before this court the judge *a quo*, we apprehend, overlooked the distinction so clearly drawn in the New York cases we have adverted to. Earle was before the coroner as a party accused and not as a witness. He was there in custody as such, a fact within the knowledge of the coroner.

The second bill of exceptions was taken to the admission of the declaration in writing, purporting to be a voluntary confession by Earle, on the ground that such declaration was not voluntary, because the Superintendent of Metropolitan Police, when testifying in the case, said he could not swear that he had not offered inducements to Earle to make the declaration, thereby leaving it in doubt whether or not inducements were offered to Earle to make the declaration, and that the accused was entitled to the benefit of the doubt.

We think the court below erred in overruling the objections made to the admission of the written declaration of Earle as a voluntary confession.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled and reversed. It is further ordered that this case be remanded to the court of the first instance for a new trial.

WYLY, J., being absent, took no part in this decree.