(33 South. 600.)

No. 14,685.

STATE v. ALEXANDER et al.

(Jan. 19, 1903.)

CRIMINAL LAW—CONFESSION—ADMISSIBILITY.

1. Where a person in jail, charged with robbery, is visited by the chief of police, a police officer, and the jailer, and is told by the chief of police, "If you have anything to tell, you had better tell it now," and in answer to his question as to whether another party, suspected of participation in the crime, has been apprehended, receives from that officer the reply, "No; [but] as soon as he is caught he is going to turn state's evidence, and, if you have got anything to say, you had better say it now," the confession which he is thus induced to make is not voluntary, and should be excluded upon the objection of his counsel.

2. Where, in such a case, it is shown that the accused made a statement to the effect that he was standing some distance away, and did not participate in the crime, but received from one of the participants, who was running away, some of the money, "which he took, and went home," it is no answer to the objection to its admissibility to say that the testimony does not prove a confession.

(Syllabus by the Court.)

Appeal from judicial district court, parish of Rapides; W. F. Blackman, Judge.

Allie Alexander was convicted of robbery, and appeals. Reversed.

John C. Blackman, for appellant. Walter Guion, Atty. Gen., and James Andrews, Dist. Atty. (Lewis Guion, of counsel), for the State.

MONROE, J. The defendant Allie Alexander, having been convicted of robbery, appeals from a sentence of imprisonment at hard labor, and presents his case to this court upon the following bill of exceptions, to wit:

"Be it known * * * that, in the above numbered and entitled cause, the accused, Allie Alexander, Charles Rogers, and Albert Payne, were indicted and had one trial for robbery; that the state offered to prove by Chief of Police H. R. Roberts and Policeman William Irving the confession of accused, Allie Alexander, made to them in the parish jail, both being present with the keeper of the jail at the time the alleged confession was made; that the chief of police, Roberts, said to the accused, Allie Alexander, that, if he had anything to tell, he had better tell it now. Roberts was then asked by Alexander if Payne was yet apprehended, as he had heard that the police were searching for Payne, to which question Roberts replied, 'No; that, as soon as he is caught, he is going to turn state's evidence, and, if you have got anything to say, you had better say it now.'

"Counsel for accused, Alexander, requested the court to permit the accused to testify as to what impression the remark made upon his mind at the time, and the court granted the request. The accused, examined in regard to the impression made, said, 'I thought that Mr. Roberts meant that if I turned state's evidence I would be liberated, for I understood that, where two or three are accused of the commission of a crime, that the one who turns state's evidence is never prosecuted, and I then told Mr. Roberts what he will testify to.' When witness Roberts was asked by the state to tell what Alexander said, counsel for defense objected on the ground that the witness held out to the defendant hopes and promises, and the confession was illegal and should be excluded. The court overruled the objection for the reasons below stated, to which ruling counsel for Alexander excepted, and presented this bill to the district attorney and judge. It was agreed that the confession testified to by police witness Wm. Irving was objected to on the same grounds and overruled for the same reasons given for witness Roberts, which reasons are: First. I do not consider that witness Roberts held out to defendant any hopes or made any promises by such statement. Second. Roberts' testimony did not prove any confession made by accused. He stated that he was standing some distance away, and did not participate in the crime, but that one of the accused parties, running away from the scene, gave him some money, which he took and went home.

"I sign this bill with the statement made above by the district attorney. I do not consider that any hope or promise was held out to the accused that, if he voluntarily made a statement, he would be benefited thereby.

"[Signed]      W. F. Blackman, Judge."

Considering the question thus presented, apart from the testimony of the accused as to the impression made upon his mind by the statement of the chief of police, we find the text-writers and the courts practically unanimous to the effect that a confession made under circumstances such as are narrated in the bill should not be admitted in evidence. Mr. Bishop says, among other things:

"An extrajudicial confession is one made out of court, whether to an official or to a nonofficial person. The doctrine, devested of its technicality, is that a defendant's confession is admissible against him if made freely and without hope of benefit to his cause; otherwise it is rejected, since its purpose may have been to secure such benefit, rather than to disclose the truth." Bishop's New Cr. Pr., vol. 1, p. 1217.

"An involuntary one, uttered to bring temporal good or avert temporal evil, even when the anticipated benefit is small, will be rejected. It matters not whether such benefit is some specific thing promised, or an undefined clemency pictured to the hope, without form and without promise, or any other appreciable advantage of a temporal nature." Id. 1224.

And we excerpt the following expressions from other authorities, viz:

"And similarly a confession is not admissible when made by a defendant who sought the sheriff to find out if a confession would not be better for him, and was encouraged by the sheriff to think that it would be. People v. Thompson, 84 Cal. 598, 24 Pac. 384." Rice on Ev., vol. 3, p. 494.

"To render a confession admissible, it must have been voluntary. It is not voluntary if it was caused by any inducement or threat or promise proceeding from any person in authority, and having reference to the charge against the accused; as where it is made to a policeman or jailer, or prosecuting attorney after a promise by him to lighten the punishment, or after a statement that it will be better to confess, or holding out any other inducement with reference to the particular charge, or on his threatening to make it harder on the accused. Reg. v. Boswell, Car. & M. 584; Beckham v. State (Ala.) 14 South. 859; Com. v. Myers, 160 Mass. 530, 36 N. E. 481; Gallagher v. State (Tex. Cr. App.) 24 S. W. 288; Collins v. Com. (Ky.) 25 S. W. 743; State v. Drake, 113 N. C. 624, 18 S. E. 106." Clark's Cr. Pr. 528.

In State v. Nelson, 3 La. Ann. 497, it was said by this court:

"Saying to a prisoner that it would be better for him to confess, or words to that effect, has been repeatedly held to be such an inducement offered to the prisoner as will exclude his confession; and, although opposite opinions have been entertained as to the question whether a confession made to a person

who has no authority over the prisoner, upon an inducement offered by that person, is receivable, yet it seems to be settled that if the inducement be offered by a master to a servant, or by any other person having authority over the prisoner, the confession will not be deemed voluntary, and will be rejected. [Citing] Greenleaf on Evidence, 219, 220, 221, 222; McNally on Ev. 42, 43; Phil. on Ev. The confession of Nelson comes strictly within the rules which should have been excluded it from evidence. It was made to his young master, who was also his overseer, to whose authority he habitually submitted, to whom he would naturally look for protection; and, upon being advised that it would be better for him to tell what he had done, the admonition, coming from such a source, was well calculated to inspire the slave with the hope of protection from the consequences of his act, if fully confessed, and his confession, made under that impression, should have been rejected. The conviction of the slave, Nelson, based upon this evidence, must be set aside."

This case has been cited with approval in State v. Johnson, 30 La. Ann. 882, and State v. Auguste, 50 La. Ann. 491, 23 South. 612. In the case last mentioned, Mr. Justice Blanchard, as the organ of this court, excerpts the following from Russell on Crimes as a correct exposition of the law applicable to the subject:

"The law * * * cannot measure the force of the influence used or decide upon its effect upon the mind of the prisoner, and therefore excludes the declaration if any degree of influence has been exerted."

And he proceeds to say, "While the admissions or confessions of a prisoner, when voluntarily and freely made, have always ranked high in the scale of incriminating evidence, extreme caution is to be observed in determining that they are free and voluntary —a principle firmly embedded in both English and American jurisprudence.

"And the rule is comprehensive enough to exclude manifestations of compulsion, whether physical or moral, the resultant effect of which upon the mind is hope or fear, aptly described to be 'an involuntary condition of mind.'"

It was also held, as it had been held in State v. Nelson, supra, that the prosecution

must show affirmatively that the confession was voluntary, and not made under improper influences.

The learned counsel for the prosecution in the case at bar seem to rely upon the opinion in the case of State v. Havelin, 6 La. Ann. 167, as holding a somewhat different doctrine from that approved in the cases cited. There is, however, nothing in the opinion referred to which would justify the conclusion that the court, three out of four of the judges of which were the same, intended deliberately to overrule the case of State v. Nelson, nor was it at all necessary that such action should have been taken; for whilst, in the case then before it, it appeared that Ricker, a police officer, having the defendant in custody, had told him that it might be better for him to make a statement, and that he might, if he should do so, be permitted to turn state's evidence, it also appeared that Ricker told him that the statement might be used against him, and that he (Ricker) had no power to make him any promise of freedom.

In so far, however, as there is any conflict, the views expressed in the opinion in State v. Havelin must yield to those in accordance with which other cases, both earlier and later, have been decided, and which are in harmony with established jurisprudence wherever the common law prevails.

Considering the remaining proposition relied on by the state, we are equally of the opinion that it cannot be sustained. If it be true that "Roberts' testimony did not prove to be any confession made by the accused," then why was it introduced? It cannot be supposed that it was offered by the state for the purpose of securing the acquittal, or for any other purpose than to secure the conviction of the accused of the crime with which he is charged, and of which, upon the evidence submitted to the jury, including the testimony of Roberts, he was convicted.

It may be, for aught we know to the contrary, that without that testimony there would have been no evidence that the accused was near the scene when the robbery was committed, or that he received any of the proceeds, or that he knew anything about the crime. What we do know is that the testimony was improperly admitted in evidence as proving a confession, that it might very well have tended to the conviction of

the accused, and that he was convicted. And from what has been heretofore said, it results that the conviction must be set aside.

It is therefore ordered, adjudged, and decreed that the verdict and sentence appealed from be annulled and set aside, and that this case be remanded to be proceeded with according to law; the defendant to remain in custody unless released on bond.