(90 South. 920)

No. 25049.

### STATE v. DOIRON.

(Jan. 30, 1922. Rehearing Denied Feb. 27, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law** ⬅671—**Introduction of evidence in absence of jury not error.**

Where state placed witness on stand to prove a confession at a certain time and place, and, on defendant's objection, jury was taken out and the witness examined, to determine whether the confession was voluntary, defendant cannot complain that the judge then, of his own motion, and over his objection, the jury still being out, called to the stand another person, who testified to another confession at another place about one hour before.

2. **Criminal law** ⬅531(1), 671—**State has burden of showing confession voluntary; court may excuse jury before determining admissibility of confession.**

When a confession is objected to, it is for the state to show the circumstances under which it was made—that is, that it was voluntary—and this must be done in the presence of the jury, in order that they may have the benefit of such circumstances to determine the weight to be given to the evidence to prove the confession, though the court may send the jury out and first determine for himself the question of the admissibility of the alleged confession, in order that, if he decides to exclude it, the jury may not be affected by any prejudicial matter preliminarily brought out.

3. **Criminal law** ⬅531(1)—**Jury entitled to hear testimony as to qualifications of expert.**

Where objection was that witness had not qualified as an expert, jury was entitled to hear the testimony showing the qualifications of the witness, and court erred in sending the jury out and determining the witness' qualifications.

4. **Witnesses** ⬅246(1)—**Judge may satisfy himself as to qualifications of expert or whether confession is voluntary.**

It is the duty of the counsel for the state to present its case, and the judge should re-

frain from assuming the rôle of counsel, or indicating a desire to assist either side; but it is entirely proper for him to inform himself on preliminary questions, such as the qualifications of an expert witness and whether or not confession offered was voluntary.

**5. Criminal law ⬥479—Physician without experience in mental diseases, not qualified as expert on insanity.**

A physician, who had no knowledge or experience with mental diseases or insane persons, was not competent to testify as an expert on insanity.

Appeal from Eighteenth Judicial District Court Parish of Acadia; William Campbell, Judge.

Willie Doiron was convicted of murder, and appeals. Conviction set aside, and case remanded.

Gremillion & Smith, of Crowley, for appellant.

A. V. Coco, Atty. Gen., and Percy T. Ogden, Dist. Atty., of Crowley (T. S. Walmsley, of New Orleans, of counsel), for the State.

DAWKINS, J. Defendant appeals from a conviction of murder and sentence of death, relying upon three bills of exception.

### Bill No. 1.

[1] At the opening of the trial, the state placed upon the stand a witness, Dorr, to prove a confession at a certain place; defendant objected that the foundation showing that the confession was voluntary had not been laid; the jury was taken out, and the witness examined to the satisfaction of both state and defense, as to that particular confession. The judge then, of his own motion, and over the objection of accused, the jury still being out, called to the stand a Dr. Martin, who testified to another confession at another place about one hour before. The district attorney suggested that he had the right to conduct the case for the state, that he did not intend to use the testimony of Dr. Martin, and the latter was not examined by either counsel.

It was this action of the court which is complained of in the first bill.

We can see no harm that resulted to the accused up to this point, since the jury was not present, and we know of no reason why the court could not, under such circumstances, obtain such information as it thought proper, to determine whether the evidence which the state actually proposed to place before the jury was admissible.

We therefore find no reversible error under this bill.

### Bill No. 2.

After the jury returned into court and the trial was resumed, the state made full proof of the confession, by several witnesses, for which Dorr was originally called. The district attorney then called the said Dr. F. R. Martin to the stand for the purpose of proving the confession about which the judge had called and interrogated this witness, and whom neither counsel had examined. Thereupon counsel for the defense objected to the testimony of Dr. Martin as to this confession, for the reason that no foundation as to its voluntary nature had been laid, and the district attorney had said he did not expect to use said confession. The bill recites:

"That the trial judge then and there stated that the court ex propri motu laid the foundation for said confession, and admitted said confession to be given to the jury."

[2] The objection was overruled and bill No. 2 retained.

When a confession is offered and objection is made, as in this case, it is the burden and duty of the state to show the circumstances under which it was made, State v. Johnson, 30 La. Ann. 881; State v. Davis, 34 La. Ann. 352; State v. Alexander, 109 La. 561, 33 South. 600—that is, that it was voluntary; and this must be done, when said objection is made, in the presence of the jury, in order that they may have the benefit of such circumstances to determine the weight to be given to the evidence to prove

the confession. As before stated, we can see no reason why the trial judge cannot send the jury out, and first determine for himself the question of the admissibility of the alleged confession, in order that, if he decides to exclude it, the jury may not be affected by any prejudicial matter preliminarily brought out. But where he does determine that it is admissible, the accused is entitled to have all the circumstances go before the jury as a preliminary matter, for they have the right to determine the weight of all evidence, and to say whether statements, alleged to have been voluntarily made, were in fact so made, and, if not, to disregard them. What is done out of the presence of the jury in a criminal trial, is as if it had not taken place at all. Wharton's Crim. Ev. (10th Ed.) vol. 2, pp. 1422–1425, §§ 689a, 689b.

### Bill No. 3.

[3-5] This bill was reserved to the overruling of an objection to the testimony of a certain physician sworn as an expert on insanity by the state as to the mental condition of accused, who had pleaded insanity as a defense. The objection was that the witness had not been qualified as an expert. The court then proposed to examine the witness on the point, whereupon counsel for accused objected that the court had no right to do so, that it was the district attorney's duty to handle the case for the state, and that this was being done in the presence of the jury. The court then ordered the sheriff to take the jury out, and itself proceeded to examine the witness as follows:

"Q. Doctor, you claim that you are not an alienist—not an authority on mental diseases?
"A. No, sir; I am not.
"Q. You are a practicing physician?
"A. Yes, sir.
"Q. Doing and performing general practice?
"A. Yes, sir.
"Q. As a physician, a graduate of Tulane University, a medical institution recognized under the laws of the state of Louisiana, and having passed your examination under the laws of the state of Louisiana and duly qualified as a physician, though not an alienist, not having made a specialty of it, you have a pretty good idea of it as a general physician?
"A. Yes, sir.
"The court considers this witness an expert, and so rules. (Bill reserved.)"

The court then had the jury brought back and allowed the witness to testify as an expert.

What we have said above in regard to testimony given out of the presence of the jury is also applicable to this bill. Besides, the examination disclosed nothing as to the witness' knowledge or experience with mental diseases or insane persons, and the ruling was erroneous.

We will add that it is the duty of the counsel for the state to present its case, and the judge should refrain from assuming the rôle of counsel, or indicating a desire to assist either side, though, as above stated, we can see no impropriety—in fact, think it entirely proper—for him to inform himself on preliminary questions, such as arose in this case; but such action forms no part of the trial proper.

The ruling on this bill was erroneous.

For the reasons assigned, the conviction and sentence are set aside, and this case remanded, to be proceeded with according to law.

O'NIELL, J. (concurring in the decree). I concur in the ruling that there is no merit in bill of exception No. 1, and concur in the ruling on bill No. 3, but I do not find any merit in bill No. 2. Of course, when a confession is offered in evidence against a party on trial for crime, the state must first prove that the confession was made freely and voluntarily. It was proven by the testimony of Dr. Martin, taken out of the presence of the jury, that the confession made to him was a free and voluntary confession. When the doctor was called as a witness before the jury, to relate the confession, and defendant's counsel objected on the ground

that a foundation had not been laid for the introduction of the confession, the counsel did not offer to question the doctor on that subject. There was the opportunity to let the jury know the circumstances under which the confession was made. The manifest reason why the doctor was not examined on the subject by defendant's counsel, in presence of the jury, was that defendant's counsel had heard the testimony given by the doctor out of the presence of the jury, and knew that the confession was a free and voluntary one. In fact, the first question asked the doctor when he was called before the jury, by the district attorney, was whether the confession was free and voluntary, and it was to that question alone that defendant's counsel objected. There was no cause or reason whatever for the objection, and the court very properly overruled it.

I do not agree with the statement, in the majority opinion, that whatever is done out of the presence of the jury, in a criminal case, is as if it had not taken place at all. There are some proceedings that must, and some that need not, be had in presence of the jury. The taking of testimony on questions of fact, on which the judge must rule, and which do not affect the question of guilt or innocence of the party accused, is an illustration of proceedings to the validity of which the presence of the jury is not essential. As a rule, it is in the interest of the defendant that the jury is retired on such occasions. If the defendant prefers that the jury hear such testimony, perhaps it is his privilege; but he was not denied any such privilege in this case, and there is no pretense that he was.

I concur in the decree, annulling the verdict and sentence in this case, because the physician who was allowed to testify as an expert on insanity was not qualified to testify as an expert, as he acknowledged.