## STATE v. ASSENBERG.

No. 4344.   Decided March 15, 1926.   (244 P. 1027.)

1. CRIMINAL LAW. Statements of accused, to be admissible against him upon subsequent trial, must have been made voluntarily.

2. CRIMINAL LAW. In determining whether statements of accused sought to be introduced are voluntary, particular facts of each case must govern to large extent.

3. CRIMINAL LAW—WHERE BOY OF 19 WAS ARRESTED AFTER STRIKING GIRL WITH AUTOMOBILE, HIS STATEMENTS AT CORONER'S INQUEST, WITHOUT KNOWLEDGE OF LEGAL RIGHTS OR WARNING THAT THEY MIGHT BE USED AGAINST HIM, HELD NOT VOLUNTARY. Where boy of 19 was arrested on evening when he struck girl with automobile, causing her death, and confined to jail without formal charge, his statements at coroner's inquest, made without knowledge of legal rights or warning that they might be used against him, *held* not voluntary.

4. HOMICIDE. Particular acts of negligence charged should be withdrawn from jury, on request, where not supported by evidence.

5. AUTOMOBILES—INFORMATION CHARGING INVOLUNTARY MANSLAUGHTER IN RECKLESS OPERATION OF AUTOMOBILE HELD SUFFICIENT. In prosecution for involuntary homicide, information charging that accused, without due caution and circumspection, recklessly, willfully, and unlawfully drove automobile in reckless manner, and then proceeding to specify acts constituting reckless, willful, and unlawful driving, *held* sufficient.[1]

Appeal from District Court, Third District, Salt Lake County; *W. S. Marks*, Judge.

---

[1] Citing *State* v. *Lake*, 196 P. 1015, 57 Utah, 619.

Corpus Juris-Cyc. References:

[1, 2]   Criminal Law 16 C. J. p. 717 n. 39; p. 718 n. 42.

[3]   Criminal Law 16 C. J. p. 730 n. 32.

[4]   Criminal Law 16 C. J. p. 1043 n. 37; Homicide 30 C. J. p. 323 n. 67; p. 324 n. 69.

[5]   Homicide 30 C. J. p. 97 n. 29.

William Assenberg was convicted of involuntary manslaughter, and he appeals.

REVERSED, and new trial granted.

*Van Dam & Draper,* of Salt Lake City, for appellant.

*Harvey H. Cluff,* Atty. Gen., and *L. A. Miner,* Asst. Atty. Gen., for the State.

GIDEON, C. J.

The appellant was convicted of the crime of involuntary manslaughter, and appeals.

By the information the appellant is charged with so operating an automobile on the streets of Salt Lake City on June 1, 1925, as to cause the death of one Myrtle G. Hill. It is further charged that he (a) disregarding his duty, operated said automobile by recklessly, willfully, and unlawfully driving it in a reckless manner without having the same under safe and immediate control; (b) without giving any warning of his approach; (c) not having the automobile equipped with sufficient brakes and headlights; (d) without observing the course that the automobile was taking to see if the course was obstructed or about to be obstructed notwithstanding the said appellant could, by the exercise of due caution and circumspection, have observed the said Myrtle G. Hill on the highway in time to have avoided the collision. It is also charged that as a consequence of the aforesaid willful, reckless, and unlawful acts of the appellant, the automobile he was driving struck the deceased, Myrtle G. Hill, threw her against the pavement, and as a result of the wounds and bruises received she died on the following day.

A demurrer to the information was overruled. Thereafter, upon a plea of not guilty, trial was had and appellant convicted.

The rulings of the court in overruling the demurrer, in admitting certain testimony over appellant's objections, and

in failing to give certain requested instructions to the jury, are assigned as error.

On the evening of June 1, 1925, the appellant, accompanied by three other young people, was driving an automobile westward on Thirty-third South street between First and Second West streets in Salt Lake City. It was a stormy evening. Rain had fallen during the afternoon and early evening. It was raining at the time of the accident, 8 o'clock p. m. The rain, however, at this particular time was much lighter than it had been earlier in the evening. The deceased and a young lady companion were walking westward on the traveled portion of the street along the north edge of the paved part. They were dressed in dark colored clothing and carried a black umbrella which rested on the shoulders of one of the young women so as to protect them from the rain. By reason of the rain, the street and the sidewalks off from the paved portion were muddy, making travel there unpleasant. It is also made to appear that it was the custom of pedestrians in that immediate vicinity to travel along on the paved highway during rainy or stormy weather. The appellant, in driving westward along the street, struck the deceased and her companion. The impact was sufficient to throw each of the young women to the ground, and the injuries resulted in the death of Miss Hill. The testimony of the surviving companion of Miss Hill is to the effect that there was no warning given of the approach, and that no lights were seen by which the approach could have been observed. The first knowledge or intimation which they received that an automobile was traveling westward along the street was at the moment the car struck them. On the same evening appellant was arrested by a deputy sheriff and placed in the county jail of Salt Lake county. No formal charge was at that time preferred against him. He was, however, kept in jail until June 4th. On that date appellant was taken by a deputy sheriff before a justice of the peace where a coroner's inquest was being held over the body of the deceased. It is conceded that appellant was held under no other charge than the one for which he was afterwards tried. At the coroner's inquest the appellant was examined and made statements respecting

the accident and the circumstances surrounding the same. He testified under oath and answered questions propounded by the assistant county attorney as well as questions propounded by the coroner and jurors. The questions propounded and the answers made thereto were reduced to writing by a court reporter then present for that purpose. The statements made by appellant at that time, over strenuous objections by his counsel, were permitted to be read in evidence at the trial as part of the state's case. The ruling of the court in permitting the reading of this testimony is assigned as error, and the reason urged against its admission is that the statements were not made voluntarily and were therefore not admissible.

The courts are agreed upon the general rule that statements made by an accused, to be admissible against him upon a subsequent trial, must have been made voluntarily. The authorities are not in agreement, however, as to what particular state of facts must appear when such statements can be said to have been made voluntarily. The controlling question in each case must therefore necessarily be whether the statements sought to be used as evidence were made under such circumstances as can be said to have been made voluntarily. In the application of the general rule each case must, to a large extent, be determined in the light of the particular facts of that case.

In the instant case the accident which caused the death occurred on the evening of June 1, 1925. Appellant was on that same evening placed under arrest and lodged in the county jail and remained there until the date of the inquest. While it is true no formal charge had been filed against him accusing him of crime, nevertheless he was, to all practical purposes, under arrest for the commission of the offense for which he was later tried and convicted. He was a young man, 19 years of age, was without knowledge of his legal rights, and, so far as appears from the record, he had not consulted with nor had he the benefit of the advice of counsel. He was not cautioned as to his right to answer questions nor of his privilege to refuse to testify.

Neither was he cautioned that any statement made by him at the time could or might be used against him in a subsequent prosecution. He was not subpœnaed by any process issued by the coroner and did not attend the inquest in answer to any legal process issued by the coroner or other official. It appears without dispute that the deputy sheriff simply stated to him to come and go with that officer, and he was by the deputy sheriff conveyed to the place of hearing. Under that state of facts, can it be said that the statements made by the appellant were voluntarily made? We think not.

In 2 *Wharton's Crim. Ev.* (3d Ed.) § 664, it is said:

"But where two persons were arrested, placed in jail on a murder charge, and, while in custody, taken before the coroner's jury, and, without being informed that they were not compelled to testify, were sworn and examined as witnesses, not on their own motion but on motion of the coroner, with regard to the homicide and their connection with it, confessions or inculpatory statements elicited at such examination were held inadmissible against them. And where persons were subpœnaed as witnesses to appear before a coroner's jury engaged in investigating the cause of the death of the deceased, and were duly sworn and testified, although they were suspected of the murder, even though they made no objection to testifying, and were not represented by counsel, nor warned that the statements might be used against them, nor that they were privileged to refuse to testify, it was held that on a subsequent trial for the homicide the statements and confessions elicited were not admissible."

The first headnote to *State* v. *Clifford*, 53 N. W. 299, 86 Iowa, 550, 41 Am. St. Rep. 518, which reflects the opinion of the court, is as follows:

"Where one accused of a crime is taken before a grand jury, by its direction, and not of his own volition, statements then made by him, without being informed of his rights, or of the possibility of their being used in evidence against him, are not admissible on the trial, since such statements are not voluntarily made."

The second headnote to *State* v. *Young*, 24 S. W. 1038, 119 Mo. 495, is:

"In a murder trial, statements made by defendant on his examination before a coroner's jury are not admissible, where such examination was made to obtain from him criminating admissions,

and it appears that he was an ignorant boy, that he was without counsel, and that he was not advised that his answers might be used against him, or that he might decline to testify."

See, also, *Maki* v. *State*, 112 P. 334, 18 Wyo. 481, 33 L. R. A. (N. S.) 465.

The rule deducible from the conclusions of the court as expressed in the opinion in *State* v. *Young*, supra, would in this case exclude the statements made by appellant before the coroner's jury. The admission of this testimony was prejudicial, as it supplied an important link in the state's case, and must of necessity work a reversal of the judgment.

As a new trial must be had, it is advisable that we briefly consider certain other questions presented by the assignments.

At the close of the state's case, the appellant moved for a directed verdict upon the ground that there was not sufficient evidence to take the case to the jury with respect to any of the charges contained in the information. In addition, counsel directed his motion particularly to the absence of evidence to support separate and distinct acts of willful negligence enumerated in the information. At the close of the trial, the appellant requested the court in separate instructions to advise the jury that there was no evidence to support the different elements of willful negligence specified in the information. The court was right in refusing to direct a verdict on the ground of insufficiency of evidence to support any of the charges contained in the information, and was right in refusing the requested instruction to the same effect. As to certain of the negligence charged in the information we are, however, of the opinion that there is an absence of evidence to support these particular charged acts of negligence and that such alleged acts of negligence 4 which were not supported by evidence should have been withdrawn from the consideration of the jury. The appellant requested an instruction that there was no evidence to support the charge that he was guilty of criminal negligence in failing to have the automobile equipped with sufficient brakes and headlights and for that reason that

particular charge should be withdrawn from the jury. That request should have been granted in part. The prosecuting officer during the trial stated:

"I won't argue the question of light or the matter of headlights and won't rely on them. Our contention is this occurred six minutes after sunset."

In any event, the question of headlights should have been withdrawn from the jury.

There are other requests directed toward the lack of evidence to support particular charges contained in the information, but what has been said will indicate what in our judgment was the duty of the court in instructing the jury wherein there was not sufficient evidence to support particular charges. The court not only refused to give any of the requested instructions, but in its tenth instruction advised the jury as follows:

"And you are instructed that you cannot find the defendant guilty in this case unless you are persuaded by the evidence beyond a reasonable doubt that the defendant was guilty of one or more of the acts or omissions as alleged in the information."

By that instruction the court left it to the jury to determine the guilt of the defendant on any and all of the acts of criminal negligence charged in the information, notwithstanding the statement of the prosecuting officer that he did not rely upon the absence of headlights, and notwithstanding there were other acts of negligence charged upon which there was not sufficient evidence to entitle the jury to pass upon those alleged negligent acts. There was sufficient competent evidence to authorize the court in submitting to the jury certain alleged acts of willful negligence specified in the information, however.

It is also urged by appellant that the court should have sustained the demurrer to the information. The information charges that the appellant "then and there, without due caution and circumspection, recklessly, willfully, and unlawfully, at said time and place, did drive said automobile in a reckless manner." The information then proceeds to specify the acts constituting reckless, willful, and unlawful

driving or operation of the automobile. The allegations of the information tested by the rules stated in the opinion of this court in *State* v. *Lake*, 196 P. 1015, 57 Utah, 619, allege sufficient facts to constitute a public offense. No error was committed by the court in overruling the demurrer.

For the reasons stated, the judgment must be reversed, and a new trial granted. Such is the order.

THURMAN, FRICK, CHERRY, and STRAUP, JJ. concur.