OVERTON, J.
 

 The defendants, Ered Newton and Henry Edwards, were informed against for rob-' bery. -Both were convicted and senteneéd to thepenitentiary for not less than six nor more than nine years.
 

 The first bill of exceptions was reserved to the admission of a confession by Edwards. The confession was objected to on the ground that it was obtained by threats, coercion, duress, and hope of reward.
 

 It appears that on the same night that Ed • wards was arrested he was questioned by the officers for approximately twenty minutes, concerning his supposed implication in the crime. The next morning he was questioned on the same subject for about ten minutes. Following/ this examination, the coroner was sent for, and, on the afternoon of the morning of the second examination, the coroner examined him physically, and found a bullet, supposed to have been shot from the pistol of S. E. Nixon, the person robbed, at the time of the robbery, near the skin in Edwards’ right groin. He was then, for the third time, questioned concerning his part in the offense, for about five or ten minutes. These examinations were conducted by police officers, who asked him repeated questions, touching his part in the crime. One of the officers, in the course of the examination, told Edwards that he would try to get an order of court to have the bullet removed, and sent off, meaning, of course, though not saying it, to have it ascertained by an expert, whether or not the bullet came from the pistol of Nixon. This statement was accompanied by the admonition to Edwards that he had better tell the truth. In the course of the examinations, Edwards was also told: “If you will tell the truth I would like to see the court be lenient with you — if • anybody gets leniency I would like for it to be ■ you,”' and that, if he would tell the truth, the witness would think more of him and the court would-too. In the per curiam, attached to the bill, though not in the note of evidence, attached, thereto, we are informed by our brother of the lower court that Edwards, after thinking over what-had been .told him by the officers, called to one of them and informed
 
 *385
 
 him that there was no longer any use for him to lie about it, and that he wanted to tell the truth, and said that he had been shot by Nixon and had participated in the crime, and a few hours later, upon the arrival of certain officers, dictated a confession, which was reduced to writing. This is the confession which was received in evidence.
 

 Section 11, article 1, of the Constitution of 1921, provides that: “No person under arrest shall be subjected to any treatment designed by effect on body or mind to compel confession of crime; nor shall any confession be used against any person accused of crime unless freely and voluntarily made.” This constitutional pl-ovision is embodied in articles 451 and 452 of the Code of Criminal Procedure, the latter of which is a verbatim restatement of the first part of that provision, and the first of which is a substantial reproduction of the latter part of that provision, the first reading: “Before what purposes to be a confession can be introduced in evidence, it must be affirmatively shown that it was free and voluntary, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises.”
 

 The question presented in this case is whether the confession was freely and voluntarily made. In order to determine the question, the facts and circumstances surrounding and entering into the making of the confession should be considered. The question is not to be determined by the mere conclusions or statements of the police or other‘officers that the confession was made freely and voluntarily. Under the facts before us we are constrained to hold that it does not appear that the confession was free and voluntary. The combination of facts surrounding the confession and entering into the making of it, namely, the repeated questioning of the accused, coupled with the intimation, from one in authority over him, that he might obtain leniency if he told the truth, which meant if he confessed, and this coupled with the statement, which was equivalent to a threat, that an effort would be made to obtain an order of court to remove the bullet, and send it off, apparently for identification -with Nixon’s pistol, leads us to this conclusion. The confession, in our judgment, was made subject to the influence of this combination of facts, was prompted by it, and therefore the confession does not appear to have been voluntarily made. Hence the verdict will have to be set aside, so far as relates to Edwards. State v. Alexander, 109 La. 557, 33 So. 600; State v. Roberson, 157 La. 974, 103 So: 283.
 

 As relates to the defendant Newton, the confession, although it implicated him as the chief actor in the crime, was not evidence against him, and the presumption is, in the absence of a contrary showing, that the trial judge instructed the jury that the confession was not evidence against him, and that the jury heeded the instruction. A mere statement in defendant’s brief that such instruction was not given, until the general charge to the jury was delivered, does not establish that fact. 'If the judge failed to give the instruction when the confession was admitted, which does not appear, Newton should have demanded it, and, if refused, should have brought the refusal here by bill of exception.
 

 The record presents another bill of exceptions. This was taken to the overruling,of a motion for a new trial. The motion presents nothing reviewable by this court that has not been considered, save, perhaps, .the contention that with Edwards’ confession excluded, nothing remained on which to convict the accused. We are concerned now only with Newton. The evidence upon which he was convicted is not before us, but it may not be amiss to point out that the trial judge, in his per curiam
 
 *387
 
 to' the bill, says that Nixon positively identified’ Newton as one of the robbers. The judgment, as to Newton, will have to be affirmed.
 

 For these reasons, the verdict and the sentence, as to the defendant Newton, are affirmed, but as to the defendant Edwards they are set aside, and this case, as to him, is remanded to the lower court to be proceeded with according to law.