PONDER, Justice.
 

 The defendant, Patrick C. Ellis, was indicted, tried and convicted of murder and sentenced to be electrocuted. He has appealed from the conviction and sentence.
 

 The appeal is predicated on two bills of exception. Bill of Exception No. 1 is taken to the court’s overruling of the defendant’s objection to the admission of a written confession. Bill of Exception No. 2 is taken to the overruling of the motion for a new trial based on the same grounds. The two questions presented in the defendant’s bills of exception are, (1) whether or not the confession was voluntary, and (2) whether the proper foundation was laid for .its admission.
 

 The defendant was a private in the 341st Infantry of the 86th Division which was located.at Camp Livingston, Louisiana, at the time the offense was committed.
 

 Shortly after the crime was committed, the defendant was taken to the office of the Post Prison Officer and interrogated. The written confession sought to be introduced resulted from this interrogation. The confession is in the form, of questions and answers. It is stated in the written
 
 *815
 
 confession that it was taken at the office of the Post Prison Officer before a second lieutenant.
 

 The confession purports to have been witnessed by three persons. Only one of these witnesses was produced by the State 'on the trial of the case, namely, Captain Harry W. Bennett. It appears from the record and the admissions of the State, in its brief, that he was not present at the time the defendant was interrogated. We gather from the record that the confession, after it was typed, was delivered to the office of Captain Bennett. He had the defendant brought in from the stockade and presented the instrument to the defendant. The defendant refused to sign it after he' had read it, but upon Captain Bennett’s informing him that it was his privilege to sign the instrument or not, the defendant, signed the confession.
 

 Some three weeks thereafter, the defendant was incarcerated in the parish jail. On the same day he was interrogated by the district attorney in the presence of some of the parish officials and confessed to the crime. He was asked at that time if the prior confession had been voluntarily made by him. His answer was to the effect that it was voluntary on his part.
 

 On trial of the case, the State first proved the defendant’s oral confession made to the district attorney and parish officials. No objection was offered to this confession. The State then sought to introduce the written confession taken at Camp Livingston. The defendant’s counsel objected to the introduction of the written confession on the ground that the State had failed to affirmatively show that it had been freely and voluntarily made.
 

 We find embodied in the confession the following statement made to the defendant: “Do you want to tell me any more. We have definite proof and if you tell us it will be better for you. It will go easier on you.”
 

 This inducement was offered to the defendant after he had been questioned respecting his whereabouts on the date of the crime but before he was interrogated concerning his guilt. The confession shows on its face that the defendant was interrogated concerning his guilt after this inducement had been offered. Subsequently, he admitted to the killing of the deceased person. Near the conclusion of the confession, we find this statement: “Now is the time to help yourself instead of waiting.” The defendant again admitted killing the deceased. We find the following statement at the conclusion of the confession, viz: “I have read the foregoing, consisting of seven pages of typewritten testimony. The statements therein are an accurate transcription of the statements that I made, and are true and correct. The above statement is made voluntarily.”
 

 Under the provisions of Article 450 of the Code of Criminal Procedure, a confession must be used in its entirety. The State cannot be perrhitted to contradict what is shown on the face of the confession which it seeks to introduce. In other words, if the confession shows on its face that it is inadmissible it must be ex-
 
 *817
 
 eluded. When the State accepted the confession and offered it in evidence, it was bound, by its contents. It could not be permitted to disprove any portion of its contents. To hold otherwise would permit the State to avail itself of that part of the confession favorable to it and disprove the prejudicial portion in direct conflict with the provisions of Article 450 of the Code of Criminal Procedure requiring the use of a confession in its entirety.
 

 Moreover if the State were permitted to prove the confession was voluntarily made, it has failed to do so. The fact that the defendant signed the confession when it was presented to him by Captain Bennett does not disprove the inducement set out in that instrument. The fact that the defendant subsequently admitted having made the confession voluntarily is nothing more than the defendant’s conclusion.
 

 “A confession is voluntary in law if, and only if, it was, in fact, voluntarily made.” Ziang Sung Wan v. United States of America, 266 U.S. 1, 45 S.Ct. 1, 3, 69 L.Ed. 131; State v. Henry, 196 La. 217, 198 So. 910. The State has failed to show affirmatively that the confession was free and voluntary.
 

 Furthermore, if there is any reasonable doubt as to whether the confession was free and voluntary, it must be excluded. 20 American Jurisprudence, verbo, Evidence, par. 537, p. 456; State v. Garvey, 25 La.Ann. 191; State v. Henry, supra.
 

 The force or effect of influence upon the mind of the accused cannot be measured, and where any degree of influence has been exerted, the confession must be excluded. State v. Young, 52 La.Ann. 478, 27 So. 50; State v. Doiron, 150 La. 550, 90 So. 920; State v. Lanthier, 201 La. 844, 10 So.2d 638.
 

 This court has consistently held over a long period of time that any confession procured through the promise of reward or through an inducement leading an accused to believe that he will receive a lesser degree of punishment is not voluntary in the meaning of the law and therefore inadmissible.
 

 Among the many authorities bearing out this proposition of law are the cases of: Ashcraft v. State of Tenn., 322 U.S. 143, 64 S.Ct. 921, 88 L.Ed. 1192; United States v. Mitchell, 322 U.S. 65, 64 S.Ct. 896, 88 L. Ed. 1140; Lyons v. State of Oklahoma, 322 U.S. 596, 64 S.Ct. 1208, 88 L.Ed. 1481; McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819; William Ward v. State of Texas, 316 U.S. 547, 62 S.Ct. 1139, 86 L.Ed. 1663; Lisenba v. People of State of California, 314 U.S. 219, 62 S.Ct. 280, 86 L.Ed. 166; Ziang Sung Wan v. United States of America, supra; State v. Graffam, 202 La. 869, 13 So.2d 249; State v. Lanthier, supra; State v. Henry, supra; State v. Mistretta, 192 La. 489, 188 So. 150; State v. Lewis, 175 La. 696, 144 So. 423; State v. Newton, 173 La. 382, 137 So. 69; State v. Young, supra; Section 11, Article I of the La.Const, of 1921; Articles 450, 451 and 452 of the Code of Criminal Procedure;,
 
 *819
 
 Marr’s Criminal Jurisprudence, p. 824, sec. 539; 102 A.L.R. 605.
 

 In the case of State v. Nelson, 3 La. Ann. 497, it was pointed out that “Saying to a prisoner that ‘it would be better for him to confess,’ or words to that effect, has been repeatedly held to be such an inducement offered to the prisoner as will exclude his confession; * * This case has been cited with approval in the cases of: State v. Alexander, 109 La. 557, 33 So. 600; State v. Auguste, 50 La.Ann. 488, 23 So. 612; State v. Johnson, 30 La.Ann. 881.
 

 We are not impressed with the State’s contention that the instrument is an admission and not a confession. A mere reading of the instrument shows that it is a confession of guilt. It was so treated by the lo^er court.
 

 The State is under the impression that the erroneous admission of the written confession did not prejudice the defendant’s rights. It is argued that there was ample evidence to support the verdict without the use of the confession and that its admission was harmless error.
 

 The use of the written confession by the State precludes it from now saying that it was not used to the prejudice of the accused. Bram v. United States, 168 U.S. 532, 549, 18 S.Ct. 183, 42 L.Ed. 568; State v. Henry, supra.
 

 For the reasons assigned, the conviction and sentence are set aside, and the case is now remanded to the lower court to be proceeded with according to law.