HAMITER, Justice
 

 (dissenting).
 

 Assuming that the second confession (in which the accused admitted his participation in the crime but implicated others and denied striking any of the blows) was involuntarily given and therefore inadmissible, its introduction in evidence, in my opinion, did not prejudice the substantial rights of the accused or result in a miscarriage of justice, because the first confession (that previously made to Sheriff Barker) was admittedly voluntarily given and, hence, was competent for the jury’s consideration. State v. Green, 210 La. 157,
 
 *214
 
 26 So.2d 487. Particularly is this true since the first confession was much broader and exhibited a more specific intention on the part of the accused to murder than the second. In the first he not only admitted his participation in the crime but also admitted striking one of the blows which caused the death of the deceased (according to the coroner any one of the blows could have caused death) ; whereas, in the second (that found to be inadmissible) he denied striking any of the blows.
 

 Had an inducement or promise been made to the accused prior to his giving the first confession (which was not done) the legal situation here would be different. State v. Green, supra. It would then be similar to that in State v. Ellis, 207 La. 812, 22 So.2d 181, which is cited in support of the majority holding.
 

 I respectfully dissent.