## No. 114.

### THE STATE OF LOUISIANA VS. RICHMOND STUART.

If it appears in a criminal case, from the indictment or other portions of the record, that the grand jury had been duly empannelled and sworn, and otherwise legally organized, it is sufficient.    The minutes of the court are not the exclusive mode of proving such facts.

The fact that one witness is not allowed to prove a confession made to him by an accused, because inducements had been held out by that witness, will not be good ground to exclude a confession made by the same accused a short time thereafter, to another witness, who had made no threats or held out no inducements in order to draw out the confession.

In cross-examining a witness for the defense, the State will be allowed to propound questions growing out of facts and circumstances stated in his direct examination by the witness, even when it appears that the witness had been introduced for a different and exclusive purpose.

APPEAL from the First District Court, Parish of Caddo.    *Taylor,* J.

*M. S. Crain,* District Attorney, for the State, Appellee.

1.    A confession will not be excluded where there is a mere adjuration to tell the truth, unaccompanied with a threat.    2 Russ. 286 ; 34 An. 18.

2. Though confessions are unduly obtained, subsequent confessions as to the same fact, if the court believe, from the circumstances, that the influences have been removed, etc. State vs. Hosh, 12 An. 895.

3. In criminal matters the competency of a witness depends upon his intelligence, reason, judgment, capacity, and understanding, which are all matters left to the discretion of the Judge and jury. S. vs. R., 18 An. 340-2; 19 An. 119.

*E. H. Randolph* and *H. H. Childers* for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J. Appealing from a conviction of murder and a sentence of death, the defendant relies on alleged irregularities, which he presents in an assignment of errors and two bills of exception.

1. In his assignment of errors, he charges that the record fails to show that the grand jury, which presented the indictment against him, had been duly empannelled and *sworn* as the law directs.

The minutes of the court show that the grand jury was empanelled and charged, but are silent on the question of the oath prescribed by law. The minutes contain the names of all the grand jurors and of the foreman, and mention the fact of the latter's appointment by the court.

The indictment which is endorsed, a " true bill," by the foreman of the grand jury, contains the distinct statement that the members had been " duly empannelled and sworn."

Hence, the record does show that the grand jury had been sworn. But defendant's contention is, that this fact must be shown by the minutes only. He is in error. The proof of that fact may be gathered from any other part of the record.

This is no longer an open question. In the case of the State vs. Tagwell, 30 An. 884, this Court, passing on a similar objection, said : " we do not consider it sacramental, that these preliminary proceedings for the organization of the grand jury should be copied in the record." This ruling was reaffirmed in the case of the State vs. Watson, 31 An. 380.

The reliance placed by defendant's counsel on the ruling in the case of the State vs. Folke, 2 An. 744, cannot avail him. In that, as in the instant case, the minutes failed to show that the grand jurors had been sworn, and this Court sustained the action of the District Judge, who had allowed an amendment of the minutes of his court, with a view to supply the omission of the clerk in that particular. And this Court further said : " In the present instance, it appears upon the face of the indictment that the jurors by whom it was found were duly empannelled and sworn, and the oath of the clerk further confirms the fact."

This ruling is far from supporting the construction that the minutes

State vs Stuart.

of the court are the exclusive mode of showing that the grand jury had been regularly organized.

2. The first bill complains of the Judge's ruling in admitting proof of a confession of the accused, for which purpose the State offered the testimony of two witnesses.

The testimony of the first witness was excluded on defendant's objection, that the confession made to him was not voluntary, but that the same had been drawn out by inducements.

In another part of the bill the Judge states, that he rejected that witness for the reason that he was too intoxicated to testify in the cause.

Defendant's counsel seriously complains of this discrepancy in the statement of the Judge's reasons for the exclusion of that witness. It is very apparent that the two reasons are somewhat inconsistent, and exclusive of each other. The Judge seems to rest his ruling on the state of intoxication of the witness.

However, be that as it may, we find no ground of complaint for the accused of a ruling which silenced a witness who had been introduced by the State with the avowed purpose of proving a confession calculated to operate his conviction of murder.

Defendant's counsel objected to the proof of the confession by the second witness introduced for the purpose, on the ground that the confession was made a short time after the excluded statement, and under the same pressure. The bill shows that the second confession was made to a different person some forty minutes later, and nothing shows that any threats are made, or inducements held out to the accused by this second witness. Hence, the District Judge correctly held that the confession was voluntary, and that proof of the same was admissible. Should it even appear that the second confession was a continuance of the first, or was made under the same state of mind of the accused, we are not satisfied from any fact in the record that the first confession was not free and voluntary, and that it should have been excluded. The record does not inform us as to the nature of the inducements held out to the accused. State vs. Alphonse, 34 An. 18.

3. The defendant finally complains of the ruling of the Judge in allowing the District Attorney to cross-examine one of the witnesses for the defense, on matters alleged not to grow out of facts and circumstances stated in his direct examination.

It appears that the defense had questioned the witness concerning the state of excitement and indignation prevailing among an assemblage of persons who had gathered on the banks of a stream into which

128

the body of the murdered person was supposed to have been thrown. And it further appears that, in the course of his examination in chief, the witness had stated that the body had been found in the stream, and had been dragged out by the witness himself. On cross-examination, the witness was asked by the State whether he had examined the body; whether he had identified it, and whether he had found any evidence of violence on the body. These are in substance the questions objected to by the defense, on the grounds hereinabove stated.

Admitting that the witness had been introduced, as contended for by the defendant's counsel, for the exclusive purpose of showing public excitement and indignation, it appears nevertheless that the witness, in his examination in chief, had made statements concerning the search for the body in the water, the finding of the same therein, and the dragging of it therefrom by the witness himself.

It is therefore clear to our minds, that the matters embraced in the questions on cross-examination were intimately connected with, and naturally grew out of, the facts and circumstances stated by the witness in his direct examination.

The legality of the cross-examination in this particular, must be tested by the matters stated by the witness in his examination in chief, and not by the consideration of the purpose for which he had been introduced. State vs. Swayze, 30 An. 1327.

A close and careful examination of the case has failed to disclose any errors in the proceeding prejudicial to the accused, and we can therefore grant him no relief.

Judgment affirmed.