MONROE, J.
Defendant was convicted of having with intent to defraud, forged the name of Parks Moore to an instrument purporting to be a check, and, having been duly sentenced, he has appealed. •
He relies, in this court, upon two bills of exception, reserved to the overruling of his objections to testimony, to wit:
(1) Being on the stand as a witness in his own behalf, he was subjected to the following cross-examination:
“Q. Were you not convicted in this court of obtaining goods from Mr. Morris Semansky by fraud and false pretenses? A. Yes, sir. Q. Were you not convicted under the name of Robert W. Young? A. Yes, sir. Q. Why did you give the name of Young? A. Because I am sometimes called Young — my master’s name was Young.”
The last two of the above questions were objected to on the grounds that they “were not asked, nor the answers desired, for the purpose of impeaching the witness, but, for the purpose of prejudicing the minds of the jury in the present case, that the question was not admissible for the purpose of impeaching the witness,” which objection was overruled, for the reason (assigned by the court) that, “when the accused takes the stand as a witness in his own behalf, he subjects himself to the same rules of examination as any other witness, and the questions above recited, as propounded, were admissible as affecting his credibility as a witness.”
(2) Parks Moore, a witness called by the state, was examined, in chief, as follows: •
“Q. I’ll ask you, Mr. Moore, whether this negro [defendant] ever worked for you? A. Yes, sir. Q. State what his employment was while with you recently? A. Well, this spring he ditched for me for about two weeks under the name of Ben Young. He left then, and I saw nothing of him until just before Christmas, and then he claimed to be a brick mason, and wanted to do some brickwork for me, and he wanted to buy a cow, and, on Christmas Eve he borrowed four bits and left, and then I didn’t see anything more- of him until he telephoned me from Texas and said he had some labor he wanted to bring me. He phoned as Ben Young and wanted me to send a check for ¡¡>50, and I told him he would have to write me about it, and that was the last I heard of him until this affair.”
This testimony was objected to as irrelevant, and the objection was overruled, and the testimony admitted, “for the purpose of showing the relation that existed between the witness on the stand and the defendant, as far as it may throw light upon the identity of the party, it having been put in evidence by previous witnesses that the negro claimed that Parks Moore, from whom he got the check, was a negro whose residence he cannot give, the witness on the stand being a white man.”
No counsel has appeared in this court on behalf of defendant to urge the objections reserved by these bills, and we find it unnecessary to add anything to the reasons assigned by the trial judge for overruling them.
Judgment affirmed.