' LAND, J.'
The aeeused were charged with retailing - intoxicating liquors without a license in the prohibition parish of Caddo.
The accused were tried before the judge, both found guilty, and each of them sentenced to pay a fine of $350, and to serve 90 days on the public roads. The accused have appealed.
One of the bills of exceptions was reserved to questions propounded by, the district attorney to the accused Waits, on cross-examination, with the view of proving that the said accused since the date of the offense charged had been engaged in the business of retail liquor dealer in another parish. The objections of the accused were overruled by the court for the following reasons:
“That such evidence was admissible not for the purpose of convicting defendant of the offense at a date different from that for which he was on trial but simply for the light it may throw on the case on trial.”
Whereupon the accused was forced to answer the questions.
Another, bill was reserved to questions-propounded by the district attorney on cross-examination to the accused, Waits, with the-view of proving that defendants had an internal revenue license as a retail liquor dealer. Counsel for accused objected for-the reason that the witness had not been interrogated on that point in his direct examination, and for the further reason that the law provided for proof of the fact inquired about by a certificate from the United States internal revenue office.
The judge overruled the ■ objections, and. ordered the witness to answer for the reasons:
“That it is competent in cross-examining a-defendant who takes the stand as a witness in his own behalf to question him on matters not collateral for the purpose of laying foundation of testimony contradictory in impeaching him-as a witness.”
Another bill was reserved to the admissibility of a certificate from the United States internal revenue office, showing that the accused Oden had obtained a license in his-own name as a retail liquor dealer at a different place from that charged since the-date of the information filed in the present case. Counsel for the accused objected that such certificate could not be used as evidence against the accused jointly charged with retailing intoxicating liquor at a different time and place. The judge overruled the objection for the reason:
“That evidence of a similar offense committed at a different time from that stated in the-bill of information is admissible for the purpose of throwing, light on the case on trial.”
[1] Another bill was reserved to the cross-examination of the accused, Oden, for the-purpose of proving that the defendants had an internal revenue license for the purpose. *601 of doing business as a retail liquor dealer. 'The objections and ruling were the same as in the second bill, supra.
It has been held in this state that the defendant in a criminal case who takes the •stand as a witness in his own behalf may be cross-examined, and impeached in the same manner as any other witness. State v. Guy, 106 La. 8, 30 South. 268; State v. Cuy, 106 La. 708, 31 South. 300; State v. Clark, 117 La. 920, 42 South. 425; State v. Barrett, 117 La. 1087, 42 South. 513; State v. Heidelberg, 120 La. 300, 45 South. 256.
Article 11 of the Constitution of 1898 provides that:
“No person shall be compelled to give evidence against himself in a criminal case, or in any proceeding that may subject him to a criminal prosecution.”
An ordinary witness has the privilege of ■refusing, at any stage of the examination, to answer questions that may criminate him. But this privilege may be waived by the witness. The accused waives this privilege when he voluntarily takes the stand ■as a witness in his own behalf. His offer of testimony upon any fact is a waiver as to all other relevant facts, because of the necessary connection between them. 3 Wigmore on Evidence, § 2276, p. 3153. The same learned author is of opinion that the better doctrine is that such waiver does not include collateral facts which merely affect the credibility of the accused. Id. p. 3154. ■Our statutes provided that if the accused .avail himself of the privilege of testifying, '“he shall be subject to all the rules that apply to other witnesses, and may be cross-examined on all matters, concerning which he gives his testimony.” Act No. 29 of 1886.
[3] The two bills of exception taken to •questions asked the accused relative to a United States internal revenue license tak,en out by them may be considered together. Act No. 40 of 1908 authorizes the state to introduce in evidence a certificate from the United States internal revenue collector showing that a license or permit for retailing intoxicating liquor has been issued to any person accused of retailing intoxicating liquor in violation of law, and makes such a certificate prima facie evidence of the guilt of the accused.' The statute makes such a certificate equivalent in probative value to the original license or permit. Hence the best evidence that such a license has issued is the license itself or the statutory certificate. It is horn-book law that in proving a writing the document itself must be produced, unless it is not feasible to do so, whenever the purpose is to establish its terms. 2 Wigmore on Evidence, § 1177, p. 1390. In the case at bar, it was feasible for the prosecution to produce the statutory substitute for the license. As the possession of an internal revenue license by the accused would have created a prima facie presumption of their guilt, the inquiry appertained to the merits of the charge 'before .the court. As the prosecuting officer had in his possession a statutory certificate showing that the accused Oden had obtained an internal revenue license to retail liquor in another parish, the questions asked him on cross-examination on the subject-matter were not admissible for the reasons above stated.
[4, 5] The offer of. such license to prove a subsequent similar offense in another parish should have been rejected. As a general rule, evidence to prove another offense is inadmissible. The exceptions apply to cases where motive or intent forms an essential or indispensable part of the inquiry. Marr’s Criminal Jurisprudence, § 406; State v. Williams, 111 La. 179, 35 South. 505; State v. Johnson, 111 La. 935, 36 South. 30. It is difficult to perceive how a subsequent similar offense at a different place can tend to show motive or intent as to the previous *603 offense. Moreover, the accused cannot be questioned as to the commission of another offense, which may subject him to a criminal prosecution.
[2] Two of the hills of exception contain the additional objection that the accused had not been interrogated in their direct examination relative to an internal revenue license. The objection was well taken, as the cross-examination of a witness for the defense must be confined to matters stated by him in his direct examination, or closely connected therewith. Marr’s Criminal Jurisprudence, § 409. This rule, however, does not apply to collateral matters merely tending to impeach the credibility of the witness.
It is therefore ordered that the judgment below 'be reversed, and that this cause be remanded for a new trial according to law.