A. A. Gunby, of Monroe, for appellant. Robert O. Randle, of Monroe, for appellee.

MONROE, C. J. The estate of C. L. Gunby, through the executor, has appealed from a judgment maintaining plaintiff's injunction against a seizure of a tract of land, containing 100 acres and worth less than $2,000, under an unrecorded judgment for an ordinary debt, contracted at a time when plaintiff was unmarried and did not occupy the land, but which was afterwards, and after plaintiff married and settled upon the land, as a homestead, reduced to the judgment in question. The seizure, or threat of seizure, was made by reason of the impression in the mind of the executor that plaintiff was unmarried and did not live on the land, but there appears now to be no serious dispute as to the existence of those, and the other, conditions entitling plaintiff to the exemption claimed. It is clear that the existence of an ordinary debt, even though it be reduced to judgment, will not, unless the judgment be recorded, operate to prevent the acquisition of a right of homestead which will protect property, occupied and claimed as a homestead, from seizure in satisfaction of such judgment. Const. art. 244; Robert v. Coco, 25 La. Ann. 199; Doughty v. Sheriff, 27 La. Ann. 355.

The judgment appealed from is therefore affirmed.

---

(69 South. 856)

No. 21418.

STATE v. PHELPS.

(Oct. 18, 1915.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW ⬅525—CONFESSION—ADMISSIBILITY—DETERMINATION.

The fact that the person accused of crime is a colored boy only 16 years of age, and though not insane, is of less than normal intelligence, should be taken into consideration in determining whether his confession of the crime was free and voluntary, or was influenced by fear; but such conditions, of themselves, do not render the confession inadmissible in evidence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1198; Dec. Dig. ⬅525.]

2. CRIMINAL LAW ⬅519—CONFESSIONS—ADMISSIBILITY IN EVIDENCE.

If each of several confessions of the same crime is complete in itself, the first or any of them may be involuntary and inadmissible in evidence, and the subsequent confession or confessions voluntary and admissible in evidence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1163–1174; Dec. Dig. ⬅519.]

Appeal from First Judicial District Court, Parish of Caddo; John R. Land, Judge.

Charles Phelps was convicted of manslaughter, and appeals. Affirmed.

James S. Keeney, Charles F. Crane, and Edward Barnett, all of Shreveport, for appellant. R. G. Pleasant, Atty. Gen., and W. A. Mabry, Dist. Atty., of Shreveport (G. A. Gondran, of New Orleans, of counsel), for the State.

O'NIELL, J. The appellant was indicted and tried for murder, was convicted of manslaughter, and sentenced to imprisonment in the penitentiary for the term of 15 years. His counsel reserved four bills of exception during the trial. Only those reserved to the rulings of the trial judge, allowing the state to introduce in evidence the confessions of the accused, are urged on appeal or argued in the briefs filed by appellant's counsel.

The complaint is that the confessions were not free and voluntary. In support of this, it is shown that the accused is a colored boy, about 16 years of age, below the standard of intelligence for a boy of his race and age. It does not appear that the defense was made that the accused was insane at the time of the commission of the alleged crime, nor was a plea of "present insanity" submitted to the trial court before or during the trial, nor since. In fact, counsel for the defendant do not contend that he is or was insane. They argue that his mental weakness rendered his confessions, made in the

presence of the jailer, and especially the confession to the district attorney in the presence of the jailer, involuntary, and therefore inadmissible as evidence against him.

Having ordered the jury withdrawn from the courtroom, the trial judge heard all of the testimony regarding the circumstances under which the confessions were made, and sustained the objection to three of the confessions. Therefore the first confession, which was made to a deputy sheriff when he arrested the boy, the second confession, which was made to the jailer in the presence of the deputy sheriff an hour after the arrest, and a confession made to a negro prisoner, were not admitted in evidence to the jury. The three other confessions, one to the district attorney, one to the father of the defendant, and another to a Mr. Hal Nattin, were held to be free and voluntary, notwithstanding they were made in the presence of the jailer, and they were admitted in evidence.

[1] After a careful reading of the testimony, our conclusion is that the evidence of the confessions heard by the jury was admissible. The accused was capable of distinguishing right from wrong, and of knowing what would be the natural and reasonable consequence of his acts; and his confessions were made voluntarily and without any threat or inducement on the part of any one. We have no doubt that the trial judge gave due consideration to the mental caliber of the youth, in determining whether his confessions were made under an undue influence. But the fact that he is a colored boy only 16 years of age and of less than normal intelligence did not, of itself, render confessions inadmissible in evidence.

[2] The evidence discloses that there was no threat made nor putting in fear before or at the time the accused made the confessions which were held inadmissible. The only apparent reasons for excluding the evidence are that the accused was told that it would be better for him to tell the truth, and was told by the deputy sheriff that he, the deputy, "had the dope on him," when, in reality, the deputy sheriff had only a suspicion of the boy's guilt. Of course, if a confession is obtained by methods which make it an involuntary confession, all subsequent confessions are inadmissible in evidence against him, if it appears or may be reasonably inferred that the same influences which rendered the first confession involuntary affected the accused when he made the subsequent confessions. But, if each of several confessions of the same crime is complete in itself, the first, or any of them, for that matter, may be involuntary and inadmissible in evidence, and the subsequent confession or confessions may be voluntary and admissible.

The verdict and sentence appealed from are affirmed.