141 So. 54

### STATE v. CHIASSON.
### No. 31694.

Feb. 29, 1932.

Rehearing Denied March 30, 1932.

Lessley & Rouly, of Lafayette, for appellant.

Percy Saint, Atty. Gen., E. R. Schowalter, Asst. Atty. Gen., and James A. Gremillion, Dist. Atty., of Crowley (James O'Niell, Sp. Asst. to Atty. Gen., of counsel), for the State.

ST. PAUL, J.

The defendant was charged with robbing one Isaac Roy of $700 in money, and was duly convicted and sentenced.

I.

Four days after the alleged robbery he confessed it to one Le Blanc (a police officer) after said Le Blanc had brought him a message from one Latiolais (who claimed some interest in the money alleged to have been stolen) that he (Latiolais), was interested only in the recovery of the stolen money and would be lenient with the accused if he made some provision to repay it. This confession was excluded by the trial judge.

Some 8 or 10 days after this confession the defendant sought out Roy, the man he had robbed, and without the least inducement, promise, threat, or coercion, on the part of said Roy or any one else, voluntarily made a statement (which is not before us, but is admitted to have been some sort of confession), which statement (or confession) the trial judge permitted to go to the jury because he "was of opinion that the confession was free and voluntary, * * * after the foundation had been laid, out of the presence of the jury, and after the state had shown in the presence of the jury that the confession had not been prompted by threats, promises or other improper influence, and the circumstances under which the confession was made."

We think the ruling of the trial judge was correct. If the judge, after hearing, out of the presence of the jury, the circumstances under which the second or any subsequent statement or confession was made, be of opinion that such subsequent statement or confession was made wholly independent of, and uninfluenced by, any inducement, promise, threat, or coercion which led to the first or any former statement or confession, then it is clearly within his province to allow it to go to the jury, taking care, however, to allow the jury also to have before them all the circumstances under which such statement or confession was given, in order that they (the jury) might know what weight to give to it.

In State v. Hash, 12 La. Ann. 895, this court said:

"The rule laid down in Guild's Case, 5 Halst. [10 N. J. Law] 163 [18 Am. Dec. 404], is generally conceded to be sound. 'In that case, upon much consideration, the rule was stated to be, that although an original confession may have been obtained by improper means, yet subsequent confessions of the same or of

like facts may be admitted, if the court believes, from the length of time intervening, or from proper warning of the consequences of confession, or from the circumstances, that the delusive hopes or fears, under the influence of which the original confession was obtained, were entirely dispelled. In the absence of any such circumstances, the influence of the motives, proved to have been offered, will be presumed to continue, and to have produced the confession, unless the contrary be shown, and the confession will, therefore, be rejected.' "

And the principle so announced was thus applied in State v. Stuart, 35 La. Ann. 1015:

"The fact that one witness is not allowed to prove a confession made to him by an accused, because inducements had been held out by that witness, will not be good ground to exclude a confession made by the same accused a short time thereafter, to another witness, who had made no threats or held out no inducements in order to draw out the confession."

And the same principle was further illustrated thus in State v. Phelps, 138 La. 11, 69 So. 856, 857:

"Of course, if a confession is obtained by methods whch make it an involuntary confession, all subsequent confessions are inadmissible in evidence against him, if it appears or may be reasonably inferred that the same influences which rendered the first confession involuntary affected the accused when he made the subsequent confessions. But, if each of several confessions of the same crime is complete in itself, the first, or any of them, for that matter, may be involuntary and inadmissible in evidence, and the subsequent confession or confessions may be voluntary and admissible."

This is the matter covered by appellant's bills of exception Nos. 1 and 2; and said exceptions are therefore without merit.

### II.

In his bill of exception No. 4 the appellant complains that the trial judge refused to direct the jury to disregard an alleged remark of the district attorney that "the fact of a confession having been made by the accused has not been denied or contradicted by anyone," on the ground that this was a direct allusion by the district attorney to the fact that the accused had not taken the stand as a witness in his own behalf.

To this the trial judge says: "The court declined to give the requested instruction for the reason that the District Attorney did not make the statement attributed to him, nor did the District Attorney otherwise refer to the failure of the accused to take the witness stand."

In this the trial judge is corroborated (if that were necessary) by the statement of the district attorney, annexed to the bill; and is not contradicted by the record, as we read it. Counsel for the accused was, of course, in good faith in reserving this bill; but he seems to have misapprehended the remarks of the district attorney.

### III.

Bills Nos. 3 and 5 were neither argued nor briefed, and appear to have been abandoned. At any rate they are without merit.

### Decree.

For the reasons assigned the judgment appealed from is affirmed.