HIGGINS, Justice.
 

 The accused was charged in a bill of information with the offense of cattle stealing. He was arraigned, pleaded not guilty, and the case was fixed for trial on May 22, 1942. After a trial before a jury of twelve, a verdict of guilty as charged was returned on May 28, 1942. He filed a motion for a new trial, which was overruled, and the court sentenced him to a term of not less than sixteen months nor more than forty-eight months in the State Penitentiary.
 

 The defendant appealed, and relies upon seven bills of exception in asking for the annulment of the verdict of the jury and the sentence of the court.
 

 We shall first consider bill of exception No. 6, which the defendant’s counsel particularly stressed in his brief and oral argument in this Court. The record shows that when the sheriff and two of his deputies of Jefferson Davis Parish were on the stand, the State sought to lay the foundation, for the introduction of a purported confession of the accused of the crime charged. Upon motion of the defendant’s attorneys the jury was withdrawn from the courtroom. After the district attorney had questioned the witnesses in order to affirmatively show that the alleged confession was free and voluntary and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises, counsel for the defendant objected to the introduction of any purported confession until the defendant had an opportunity to traverse the testimony of the sheriff and his deputies by evidence to be produced by him tending to establish that the confession was not free and voluntary. The assistant district attorney thereupon stated to the court that the accused did not have any right to inject
 
 *847
 
 his defense evidence into the State’s case in chief, and that the accused must await the time when he might offer such proof in his defense. The trial judge ruled that the defendant’s right to traverse at that time was limited to a cross-examination of the three State witnesses, and stated:
 

 “The Court has never heard of the privilege or practice of introducing testimony to traverse this sort of qualification. The State must show by prima facie evidence that it is voluntary. If you want to show that that is not true that is a matter of defense. The Court never heard of the right to introduce testimony to show that it was not voluntary before the evidence is introduced here. The Court thinks it is safe in overruling the objection. The objection is overruled.”
 

 From the transcript it appears that the defendant’s attorneys persisted in claiming the right of the accused to prove by competent evidence that the purported confession was not free and voluntary, and to have the judge rule upon the admissibility or inadmissibility of the alleged confession depending upon whether or not his Honor concluded that the proper foundation had or had not been laid. In each instant, the assistant district attorney objected to the defendant offering evidence while the State was placing before the jury its evidence in chief, and insisted that the only time the defendant could offer such evidence was when he was placing before the jury the proof of his defense. The trial judge maintained the State’s position and permitted the alleged confession to go before the members of the jury when they were returned to the courtroom, without the defendant having an opportunity to traverse the State’s testimony on this issue.
 

 Article 451 of the Code of Criminal Procedure reads as follows:
 

 “Condition precedent to use of confession — Free and voluntary rule. — -Before what purposes [purports] to be a confession can be introduced in evidence, it must be affirmatively shown that it was free and voluntary, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises.” (Brackets ours.)
 

 In Marr’s Criminal Jurisprudence of Louisiana, Volume 2, page 835, the rule is stated as follows:
 

 “*
 
 *
 
 * When a witness has testified that the confession was not induced by promises or threats, it is reversible error to refuse to allow accused to show that he was forced to make the offer in question.”
 

 See, also, Wigmore on Evidence, 3rd Edition, Volume 3, pages 348, 349, where the writer states the law as follows:
 

 “The Judge must hear the defendant’s evidence (including evidence from cross examination of the prosecution’s witnesses) upon the issue of voluntariness; * * * * »
 

 The author supports the text by citing a New York case as follows:
 

 “New York: 1890, People v. Fox, 121 N.Y. 449, 24 N.E. 923 (written confession; the judge’s rejection of the defendant’s evidence until the defendant’s own case was introduced, under a promise to strike out
 
 *849
 
 the confession if then found to be inadmissible, held erroneous) ;****”
 

 In the case of State v. Platte, 34 La.Ann. 1061, the accused was charged with the crime of larceny. The person whose property was said to have been stolen was sworn as a witness and questioned with reference to an alleged confession or offer to compromise made by the accused. His attorney objected on the ground that a foundation had not been laid, showing that the purported confession was free and voluntary. The witness was then interrogated upon that subject and stated that there had been no threats or promises or inducements made to the accused. His counsel then sought to traverse with evidence tending to show that the purported confession was not free and voluntary. The trial judge ruled that the defendant had no right to show those facts at that time. A bill of exception was reserved.
 

 In holding that the ruling of the district judge was erroneous, this Court stated:
 

 “It is elementary that the confession of an accused is not admissible against him, unless it is a free and voluntary confession, and its character as such must be first shqwn, as a prerequisite to its admission. When the State offers to make such proof, the issue as to the character of the confession is properly raised, and both sides have the right to be heard on this issue. The inquiry, on a point of such vital importance to an accused, should be free and full, and is not to be closed at the very instant that the State manages to eke out from the prosecuting witness, that she, the witness, had made no threats or promises, and all opportunity denied to the other party to be heard.
 

 ******
 

 “Of course, the prisoner’s confession, thus illegally admitted, must have procured his conviction, or was calculated to do so, and from a ruling so palpably to his injury, the accused is entitled to relief. * * * ”
 

 In the case of State v. Johnson, 199 La. 219, 5 So.2d 751, this Court discussed at length both the testimony introduced by the State to show that the defendant’s alleged confession was free and voluntary and the evidence offered by the defendant at that time to prove that the confession had been obtained through threats and violence. We cited the recent case of State v. Calloway, 196 La. 496, 199 So. 403, in which the district court properly admitted the defendant’s evidence to refute the State’s testimony that the confession had been made free and voluntary.
 

 If the accused is compelled to withhold his evidence tending to establish that the confession is not free and voluntary until such time as he offers his proof in defense, there would be very few cases where the purported confession would not get before the jury, because certainly the State is not going to offer evidence to prove that the confession was not free and voluntary.
 

 The admissibility of a confession is a question which the trial judge must decide and not the jury. Jurors pass upon the effect of the confession after it has been held by the trial judge to be admissible as a result of the State laying the proper foundation for the introduction thereof.
 
 *851
 
 State v. Collens, 37 La.Ann. 607; State v. Bessa et al., 115 La. 259, 38 So. 985; State v. Woods, 124 La. 738, 50 So. 671; State v. Chiasson, 174 La. 542, 141 So. 54.
 

 It is suggested there wets other sufficient evidence in the record to justify conviction and, therefore, the defendant was not prejudiced.
 

 In the case of State v. Henry, 196 La. 217, 198 So. 910, 918, the court stated:
 

 “It is argued that even though the confessions were inadmissible through lack of proper foundation, there was other evidence consisting of the accused’s own testimony sufficient to justify the conviction and, therefore, the defendant suffered no prejudice.
 

 “In the case of State v. Murphy et al., 154 La. 190, page 203, 97 So. 397, page 402, this court rejected such a contention by stating:
 

 “‘There might have been sufficient evidence to have convicted the defendants without it (the confessions), including their own statements on the stand; but that was a matter for the jury 'to determine, under the Constitution, and we are bound to assume that the evidence thus illegally put before them prejudiced the rights of the accused.’
 

 ******
 

 “If1 there were any reasonable doubt that the confessions of the accused were free and voluntary, they should have been excluded. 20 Amer. Juris. Evidence, par. 538, and State v. Garvey et al., 25 La.Ann. 191. The law cannot measure the force or effect of the influence upon the mind of the accused, and therefore excludes the declaration if any degree of influence has been exerted. State v. Young, 52 La.Ann. 478, 27 So. 50; Bram v. United States, 168 U.S. 532, 549, 18 S.Ct. 183, 42 L.Ed. 568.”
 

 The trial judge, having permitted the purported confession of the accused to go before the jury simply upon the testimony of the State’s witnesses that it was free and voluntary, without according to the defendant his right.to traverse or contradict the same, for all practical purposes, admitted in evidence the confession before the jury without properly passing upon the question of whether or not the foundation had been laid to introduce the same. In short, he did not really pass upon the admissibility of the alleged confession before permitting it go to the jury over the defendant’s objection. This ruling was not only erroneous, but obviously prejudicial to the substantial and statutory rights of the accused.
 

 This conclusion makes it unnecessary to consider the other bills of exception.
 

 For the reasons assigned, it is ordered, adjudged and decreed that the verdict of the jury and the sentence of the court are annulled and set aside and a new trial granted, and the case is remanded to the district court for further proceedings consistent with the views herein expressed.
 

 O’NIELL, C. J., takes no part.
 

 ROGERS, J., absent.