HAMITER, Justice.
 

 Defendant Mayhue Thomas, in a joint trial with two codefendants, was found guilty by a jury of having committed simple burglary of a box car belonging to the Illinois Central Railroad Company. On being sentenced by the court to serve one year at hard labor in the state penitentiary, he appealed.
 

 Defendant’s counsel reserved several bills of exceptions before and during the trial. All of them have been abandoned, however, except the one taken to the court’s ruling with reference to the introduction of a purported confession.
 

 In the course of the trial, the judge retired the jury in order that he might determine the question of the free and voluntary character of a confession allegedly made by this defendant. During the absence of the jury, and after the district attorney had examined witnesses to affirmatively show that the confession had been given freely and voluntarily, defense counsel made the following request of the court: “I would like to offer to place the defendant, Mayhue Thomas, on the stand merely for the purpose of proving that the confession sought to be introduced by the state was not obtained freely and voluntarily”. In passing on the request, the judge ruled that, “* * * the accused could, if he saw fit and so desired, take the witness stand, but if so he would have to take the witness stand subject to the right of the district attorney to cross ex
 
 *551
 
 amine him upon the whole case, pursuant to Article. 376 of the Code of Criminal Procedure, * * Because of the stipulated condition defendant refrained from testifying, and his counsel reserved to the court’s ruling the only bill of exceptions presented by this appeal.
 

 The jury was then brought back into the -court room and the examination of the state’s witnesses, in the jury’s presence, was resumed. J. P. Thomas, one of the witnesses, had been examined at great length with reference to the substance of the confessions made by the three accused persons when suddenly the judge interrupted the examination and ordered that the jury be again retired. Following its retirement, the judge made this statement:
 

 "The Court having previously ruled that one of the defendants, Mayhue Thomas, could not in the absence of the Jury take the witness stand for the sole and limited purpose of contradicting the evidence offered by the State touching the voluntary character of the confession alleged to have been made, and without submitting himself to cross-examination on the whole case, as provided by Article 376 of the Code of Criminal Procedure; and the Court believing from the evidence offered by the State that the said confession was voluntary, permitted the. introduction of the testimony of one witness reciting in substance the said confession. Thereafter in view of the decision of the Supreme Court in the case of State v. Lanthier, 201 La. 844, 10 So.2d 638, the Court stated to counsel for Mayhue Thomas, as well as to counsel for his co-defendants that out of the abundance of precaution they would be permitted by the Court to place the accused on the witness stand to testify before the Court in the absence of the Jury touching the voluntary character of the confession only; and that if after said evidence was introduced, the Co'urt was of the opinion that the confessions were not voluntarily made the Jury would be instructed to wholly disregard all evidence thus far taken relating to the contents of said confessions. This offer, however, was refused by counsel for Mayhue Thomas on the ground that even should the Court after hearing such testimony hold that the confession of Mayhue Thomas or any of his co-defendants was involuntary and the evidence therefore not admissible and should instruct the Jury to disregard the same that the instruction would not overcome the prejudice sustained by defendant by the testimony of the confession already given.
 

 “Neither counsel for Mayhue Thomas nor counsel for his co-defendants offered or sought to offer any other evidence in support of the contention that the aforesaid confession of Mayhue Thomas or either of his co-defendants was involuntary, except the testimony of Mayhue Thomas.”
 

 It is our opinion that error was committed by the court in refusing to allow the defendant, as he requested, to take the stand out of the presence of the jury for the restricted purpose of testifying that the confession was not obtained freely and voluntarily. •
 

 
 *553
 
 Article 451 of the Louisiana Code of Criminal Procedure provides: “Before what purposes [purports] to be a confession can be introduced in evidence, it must be affirmatively shown that it was free and voluntary, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises.” In State v. Lanthier, 201 La. 844, 10 So.2d 638, 640 (the case referred to by the trial judge in his above-quoted remarks), it was held that the proper time for determining the issue of the free and ■voluntary character of the confession, including the hearing of defense witnesses on the subject, was when the state was -making out its case. In reaching this conclusion, the court said:
 

 “If the accused is compelled to withhold his evidence tending to 'establish that the confession is not free and voluntary until such time as he offers his proof in defense, there would be very few cases where the purported confession would hot .get before the jury, because certainly the State is not going to offer evidence to prove that the confession was not free and voluntary.
 

 “The admissibility of a confession is a question which the trial judge must decide and not the jury. Jurors pass upon the effect of the confession after it has been held by the trial judge to be admissible as a result of the State laying the proper foundation for the introduction thereof. State v. Collens, 37 La.Ann. 607; State v. Bessa, et al, 115 La. 259, 38 So. 985; State v. Woods, 124 La. 738, 50 So. 671; State v. Chiasson, 174 La. 542, 141 So. 54.” (Brackets ours.)
 

 This being true, clearly Article 376 of the Code of Criminal Procedure is not applicable to the question under consideration. It reads: “When a witness has been intentionally sworn and has testified to any single fact in his examination in chief, he may be cross-examined upon the whole case.” A defense witness in a criminal prosecution never commences his examination in chief until after the state has rested its case, whereas in the testing of the confession’s character, as above shown, he testifies while the state’s case is being made out. What the article refers to obviously is the examination of a witness on a fact affecting directly the accused’s guilt or innocence.
 

 In determining whether the confession is free and voluntary, the judge, in the absence of the jury, necessarily can admit only testimony relating to such issue. Testimony of that nature has no direct bearing on the guilt or innocence of the accused; it concerns solely facts occurring subsequent to the time of the commission of the crime. From this it follows, we think, that when a defendant is placed on the stand for the purpose of traversing the testimony of state witnesses that a confession was free and voluntary, he is not undergoing the examination in chief contemplated by the referred to Article 376.
 

 Furthermore, an accused in a criminal prosecution cannot be compelled to give evidence against himself. Article 1, Sec
 
 *555
 
 tion 11, Louisiana Constitution of 1921; State v. Murphy, 45 La.Ann. 958, 13 So. 229; State v. Oden, 130 La. 598, 58 So. 351; State v. Quinn, 131 La. 490, 59 So. 913; State v. Toliver, 163 La. 1000, 113 So. 222. But this constitutional immunity could be denied a defendant if Article 376 of the Code of Criminal Procedure is given the interpretation contended for by the state. Thus it would be a simple matter for an unconscionable person to extort from the accused while alone a confession (through promises, threats or violence) and thereafter falsely testify that it was given freely and voluntarily. Whereupon the accused would be compelled to take the stand to contradict the witness, thereby subjecting himself to cross-examination on the whole case, or he would have to let the extorted confession go unchallenged. Either of these alternatives would do violence at least to the spirit of the Constitution.
 

 The state insists,- however, that even if error was committed in the respect above discussed, it was cured by the court’s offer thereafter to permit counsel to place the defendant on the stand, in the absence of the jury, for the restricted purpose of traversing the voluntary character of the confession with the understanding that if the court should decide from such evidence that the confession was involuntarily made it would instruct the jury to disregard the testimony of the state’s witness who had testified as to the substance and contents of the confession; and further, assuming the commission of the error, there was other evidence adduced which was sufficient to justify conviction, and therefore the defendant was not prejudiced. As to the last proposition this court has held on several occasions that the question of whether or not there was sufficient evidence without the confession for a conviction was for the jury to determine, and' that it must be assumed that an illegally admitted confession serves to prejudice the rights of the accused. State v. Henry, 196 La. 217, 198 So. 910; State v. Lanthier, supra; State v. Ellis, La.Sup., 22 So.2d 181.
 

 Moreover, it is exceedingly doubtful that the resulting prejudice could be eliminated or eradicated by instructions from the court that the confession be disregarded.
 

 For the reasons assigned the conviction and sentence of defendant Mayhue Thomas are annulled and set aside, and a new trial is granted to him. It is further ordered that the case be remanded to the district court for further proceedings according to law and consistent with the views herein expressed.