HAWTHORNE, Justice
(concurring).
In the majority opinion it is stated without any citation of authority that “* * * The reason why it is the better practice to withdraw the jury during the time the foundation is being laid for the reception of the confession in evidence, is that the judge zvould be required to grant a mistrial if, after hearing the State’s evidence in the presence of the jury, he ruled the confession inadmissible.” (Italics mine.)
The law of this state does not require the judge to grant a mistrial in the event he rules a confession inadmissible after hearing the State’s evidence in the presence of the jury. The admissibility of a confession is a question which the trial judge, and not the jury, must decide. State v. Lanthier, 201 La. 844, 10 So.2d 638 and authorities therein cited. It is the duty of the State, however, to show that a confession is voluntary, and this must be done in the presence of the jury in order that it may have the benefit of the circumstances under which it was made to determine for itself whether the confession was voluntary and the weight to be given to it. State v. Doiron, 150 La. 550, 90 So. 920; Marr’s Criminal Jurisprudence of Louisiana, sec. 538, p. 824.
Of course the judge may of his own accord, before determining the question of the admissibility of a confession, have the jury withdrawn from the courtroom, and he should have the jury withdrawn in all cases ■when requested by counsel for the defendant to do so. In either event, after the jury has been withdrawn and the judge determines that the confession is admissible, the jury is then returned to the courtroom, and the accused is entitled to have the jury hear all the facts and circumstances surrounding the giving of the confession on which the State relies for its admission in evidence. In other words, the State must affirmatively show in every case, in the presence of the jury, that the confession was free and voluntary on the part of the accused.
Since the law requires the State to lay the foundation for the. admission of the confession in the presence of the jury so that is may determine the weight to be given thereto, I can see no reason why the judge should enter a mistrial if he finds the foundation has not been properly laid. Such a ruling, rather than being prejudicial, would be beneficial to the defendant, as the jury would hear no part of the confession and would have no knowledge of its contents.
The effect of the majority opinion is to say to the State: “You must lay the foundation in the presence of the jury, but you had better first determine whether the con *740 fession is admissible before attempting to lay such foundation.” Under the law, this is not a question to be determined by the district attorney but one to be determined by the judge after hearing all the facts and circumstances attendant upon the making of the confession, subject to review by this court, and, if the confession is improperly admitted, the accused is entitled to a new trial. A worse practical effect is to require the district attorney in every case to lay the foundation twice, once out of the presence of the jury and again in its presence.
The quoted statement, however, is nothing more than obiter dictum in the majority opinion and is not necessary for a decision of the case.
I respectfully concur.