363 So.2d 661 (1978)
STATE of Louisiana, Appellee,
v.
Thomas P. LUKEFAHR, Appellant.
No. 61849.
Supreme Court of Louisiana.
October 9, 1978.
Rehearing Denied November 9, 1978.
*663 Ferdinand J. Kleppner, Grisbaum & Kleppner, Metairie, Edwin Marger, Atlanta, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Woodrow W. Erwin, Dist. Atty., Julian J. Rodrigue, First Asst. Dist. Atty., Abbott J. Reeves, Asst. Dist. Atty., Research and Appeals Division, for plaintiff-appellee.
TATE, Justice.
The defendant Lukefahr was convicted of possession of marijuana with intent to distribute in violation of La. R.S. 40:966(A)(1), and he was sentenced to serve ten years at hard labor and fined $15,000.
On his appeal, the defendant filed 74 assignments of error. They principally concern: (1) a motion to recuse the trial judge; (2) the hearing and denial of a motion to suppress physical evidence; (3) the denial of pre-trial discovery; (4) objection to evidence concerning the defendant's use of an alias; (5) evidence and references concerning the defendant's participation in other crimes than that with which charged; and (6) an allegedly illegal sentence.
1. Motion to Recuse

The defendant argues error in the denial of motion for recusal of the trial judge and in the failure to refer it to another judge for a hearing (Assignments 1 and 2).
The defendant grounded his motion on allegations that the trial judge was biased and prejudiced, because in pre-trial conferences he stated there would be no continuance, and because at the bond reduction hearing he admitted evidence pertaining to the guilt or innocence of the defendant.
A motion to recuse a trial judge must be based on more than mere general conclusory allegations. State v. Bell, 346 So.2d 1090 (La. 1977); State v. Maduell, 326 So.2d 820 (La. 1976); State v. Collins, 288 So.2d 602 (La. 1974). If the motion, on its face, does not show grounds to recuse even if the allegations are proved, the trial judge may overrule the motion without referring it to another judge. La.C.Cr.P. art. 674; State v. Bell and State v. Collins, cited above.
Here, the trial judge's alleged statement about a continuance did not indicate any bias or prejudice against the accused. His handling of the bail reduction hearing was in accordance with law. Further, the judge's rulings on these matters, even if improper on their merits (and no impropriety is shown), may be attacked directly by assigning error to the rulings themselves, but do not state a valid ground for recusal as alleged (or explained, Tr. II, 3-5).
2. The Motion to Suppress Physical Evidence

The defendant is prosecuted for possession of a large quantity of marijuana found in his truck, after he was stopped for a traffic violation. His motion to suppress is based upon the alleged warrantless search and seizure without probable cause.
Several contentions are raised concerning the hearing upon and the denial of the motion.
A. At the hearing on the motion, the defendant attempted to testify for limited purposes. He wished to deny consent to the search or any traffic violation justifying the police to stop him on the highway, but he desired to assert his non-incrimination privilege against all other questioning. His assignments 3, 4, and 7 complain of the trial court's refusal to let him do so.
A defendant who testifies in a pre-trial suppression hearing is subject to cross-examination as to all issues relevant to such hearing, although not to cross-examination on the entire case. State v. Lovett, 345 So.2d 1139, 1142 (La. 1977); State v. Thomas, 208 La. 548, 23 So.2d 212 (1945); cf., La. R.S. 15:280 (1950). The evidence taken at such hearing is not admissible at the trial of innocence or guilt (the merit trial).
In its exercise of its control of the proceedings before it, La.C.Cr.P. art. 17, the trial judge may refuse to let a witness testify who, contrary to law, is willing to *664 testify for a limited purpose only. State v. Coleman, 254 La. 264, 223 So.2d 402 (1969).
An issue at the motion was whether there was probable cause for a warrantless search. The state intended to cross-examine the defendant, as the colloquy shows, on events relevant to probable cause beyond those immediately concomitant with the stop and search. If defendant's counsel feared a fishing expedition, as he claimed, his remedy (if he wished defendant to testify at the hearing) was to object to questions if irrelevant to the hearing's issues, not to offer the defendant as a witness for restricted purposes only.
Under the circumstances shown, we find no abuse of discretion in the trial court's rulings.
B. The defendant complains of the trial court's refusal to suppress the marijuana seized and its admission into evidence of samples and photographs of it. (Assignments 13, 60, 68).
To uphold the trial court's ruling, we need not reach the question whether there was probable cause, nor whether exigent circumstances justified the warrantless search, since there were facts in the record from which the trial judge could fairly conclude that the defendant had consented to the search.
Lieutenant Wicker testified that while he had the defendant under observation, the defendant drove his truck across the center line of the highway, forcing another motorist off the traveled portion of the road. (This uncontradicted testimony was corroborated by another officer.) Wicker hailed the truck to the side of the road, and upon seeing that defendant had a Florida driver's license, "wired-on" Florida license plates, and a decal with a Baton Rouge address on the door, asked him whose truck it was.
Wicker testified that the defendant said he didn't know whose truck it was, that a man at a truck stop had paid him a hundred dollars to drive it somewhere and that he knew nothing about its contents. Wicker testified that he then asked if defendant minded opening up the back of the truck; defendant said; "No, I don't mind," and produced the keys and opened the back end of the truck.
Another police officer present somewhat corroborated this latter testimony. Although it was the defendant's apparent purpose to deny this version, it is otherwise uncontradicted.
Under these circumstances, indicating a genuine and voluntary consent, it is not determinative whether probable cause existed for the search or whether the defendant had been warned of his right to refuse to permit the search. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). The evidence shows a valid stop for a traffic violation; under the undisputed evidence, there is no substantial factual issue as to a coerced consent through exploitation of a traffic arrest (whether valid or invalid).
C. The defendant complains of various evidentiary rulings at the hearing on the motion to suppress. Assignments 5, 6, 8, 9, 10, 11, and 12. We have examined these rulings and find no error.
3. Denial of Pre-Trial Discovery

Assignments 14-32 concern attempts by the defendant to secure pre-trial discovery of details of the state's case by an application for a bill of particulars, by a motion for oyer, and by a motion to permit defense inspection of state files. At the time of the trial, the denial of such discovery was within the discretion of the trial court. See trial court's rulings, Tr. II, 126-40.
4. Reference to Alias Used by the Defendant

At the time the defendant was arrested, he was bearing a driver's license in the name of Thomas James Davidson, by which name he identified himself when he was arrested. By motions and a series of objections (Assignment Nos. 34, 35, 43, 46, 52, 54, and 64), the defendant sought to prevent testimony as to this alias, allegedly because the evidence was prejudicial and *665 suggested the defendant to be of criminal characteristics. The objections to the evidence concerning this circumstance of the arrest are patently without merit, and no pertinent authority is cited in support of these assignments.
5. Evidence Concerning the Defendant's Participation in Other Crimes
The defendant was arrested in Washington Parish on February 22, 1977, and charged with the possession of a large amount of marijuana with intent to distribute it. Earlier that morning, the defendant had driven his van truck from Livingston Parish to a location in Washington Parish, where if received a load (apparently the marijuana). On April 27, four days before the trial, the district attorney gave written notice to the defendant that, for purposes of proving the accused's guilty knowledge and specific intent, the state intended to introduce evidence of marijuana activities at the Livingston Parish location from which the defendant had started that morning.
Several assignments are based upon this other-crime evidence:
A. By Assignment 37, the defendant complains that he was not granted a continuance to prepare a defense against the Prieur evidence.
In State v. Prieur, 277 So.2d 126, 130 (La. 1974), we stated that "[t]he State shall within a reasonable time before trial furnish in writing to the defendant a statement of the acts or offenses it intends to offer, describing same with the general particularity required of an indictment or information. No such notice is required as to evidence of offenses which are a part of the res gestae, or convictions used to impeach defendant's testimony." In State v. Tennant, 352 So.2d 629 (La. 1977), we held that notice of intent to use other crimes given six days prior to trial was ample.
The granting of a continuance is a matter within the discretion of the trial judge. State v. Williams, 262 La. 317, 263 So.2d 306 (1972). Here, defense counsel merely complains of insufficient time to prepare, without alleging specific facts to show prejudice to the defendant. On this bare allegation, we cannot conclude that the trial judge abused his discretion. (The implication from the pre-trial hearings is that the defendant was aware that this interrelated evidence might be introduced.)
B. By Assignments 39, 40, 41, 44, 48, and 50, the defendant objected to any evidence concerning the surveillance of the defendant in Livingston Parish on the morning of his arrest, as well as of his earlier stop in Washington Parish where he picked up his present load. Even if considered "other crime" evidence rather than part of a continuous crime, the evidence was relevant to proof of the specific intent and guilty knowledge requisite to part of the crime charged, and its probative value exceeded its prejudicial effect:
The state did not, for instance, introduce evidence of extensive activities at the Livingston location independent of the present offense. A state witness did allude briefly to the reason for the surveillance (suspicion of criminal activity, based upon certain objective facts) of the Livingston location from which the accused started that morning; but, in the main, the state's evidence of the antecedent marijuana activity was limited to the morning of the arrest and the incidents leading up to it.
Prieur does not, as the defendant contends, require a pre-trial evidentiary hearing as to whether extraneous other-crime evidence may be admitted. It only requires that, before such evidence is introduced, the trial court must determine, on the basis of the showing requisite for it to do so at a hearing outside the presence of the jury, that the extraneous acts are probative of a real issue and that their probative value exceeds their prejudicial effect.
6. Other Assignments

Assignments 49, 53, 55, 56, 58, 59, 61, 62, 63, 65, 67, 68, and 71 complain of testimony of state witnesses, admitted over objection, which is alleged to be irrelevant or inflammatory. *666 Assignment 70 complains of a failure to strike an allegedly prejudicial and improper question by the prosecutor. Assignment 66 complains of a leading question asked by the state of its own witness. Assignment 72 complains of a failure to grant a mistrial when the state in closing argument made a comment allegedly improper.
We have examined these contentions and find no reversible merit to any of them. Nor is there merit to Assignment 73, complaining of the denial of a motion for a new trial based on the alleged errors which are the basis for the assignments of error.
Assignments 33, 36, 38, 42, 45, 47, 51, and 57 are not argued and are deemed abandoned.
7. The Allegedly Illegal Sentence

By his assignment 74, the defendant questions the legality of sentence imposed upon him; namely, the imposition of an additional year's imprisonment if he fails to pay the fine of fifteen thousand dollars imposed upon him, in addition to the maximum ten-years imprisonment.
La. R.S. 40:966(B)(2) provides that, for conviction of possession with intent to distribute marijuana (40:966(A)(1)), a person shall be sentenced "to a term of imprisonment at hard labor for not more than ten years and pay a fine of not more than fifteen thousand dollars."
The defendant complains that the sentence is illegal, since if he fails to pay the fine he is subject to a term of eleven years at hard labor, one year more than the statutory maximum.
In the case of an indigent defendant, it is impermissible to impose a prison term in lieu of fine payment that would result in the defendant's serving a longer term than the statutory maximum for the offense. State v. Williams, 288 So.2d 319 (La. 1974); Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970). However, there is nothing in the record to suggest that this defendant is indigent; if he is, of course, upon appropriate motion and hearing the additional imprisonment may be avoided. See Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971).
The extra prison term of one year in lieu of payment of fine is expressly authorized by La.C.Cr.P. art. 884: "If a sentence imposed includes a fine or costs, the sentence shall provide that in default of payment thereof the defendant shall be imprisoned for a specified period not to exceed one year * * *."
This article must be read together with La. R.S. 40:966 to establish the statutorily possible maximum penalty, where no special circumstances such as indigency are present.
By brief, the defendant also seeks review of his sentence on the ground that it was excessive under the circumstances. However, in addition to absence of an assignment on the issue, no formal objection to the sentence was lodged at the time of sentencing, and appeal therefrom on the ground of excessiveness under the circumstances is foreclosed. State v. Williams, 340 So.2d 1382 (La. 1976).

Decree
For the reasons assigned, therefore, the conviction and sentence are affirmed.
AFFIRMED.