STOKER, Judge.
The defendant, Willie M. Hayward, was charged by bill of information with theft of property valued between $100 and $500, a violation of LSA-R.S. 14:67. The defendant initially pleaded not guilty to the charge, but subsequently changed her plea to guilty. The trial court accepted the defendant’s guilty plea and ordered a presen-tence investigation report. The trial court sentenced the defendant to serve two years at hard labor and imposed a fine of $2,000, plus court costs, in default of which defendant was sentenced to serve an additional 12 months in the parish jail. The defendant has appealed the sentence imposed asserting that it is unconstitutionally excessive in that defendant was given the maximum jail sentence and fine, thus resulting in defendant being forced to serve a sentence greater than the statutory maximum solely because she is indigent.
EXCESSIVENESS OF THE DEFENDANT’S SENTENCE
The question of the defendant’s indigen-cy was raised for the first time at the sentencing hearing when defendant’s counsel objected to the sentence based on the defendant’s indigency. The record before us does not reflect that an indigency hearing was held at any stage of the proceeding to determine the defendant’s entitlement to court-appointed counsel. There is nothing in the record which indicates that defendant’s counsel is anything but privately retained counsel. No motions were filed pri- or to sentencing or after sentencing in order to establish defendant’s inability to pay a fine and costs.
The trial court has the authority to impose an alternate prison sentence, not to exceed one year, in default of payment of a fine or costs imposed as part of the defendant’s sentence. LSA-C.Cr.P. art. 884. The court cannot, however, impose a prison term in default of payment of a fine if the defendant is indigent and the additional prison term would result in a sentence in excess of the statutory maximum for the offense. State v. Davis, 514 So.2d 517 (La.App. 3d Cir.1987). This is an exception to the general rule that imposition of an additional prison term, pursuant to Article 884, which results in a term longer than the statutory maximum does not constitute an illegal sentence. State v. Lukefakr, 363 So.2d 661 (La.1978), cert. denied, 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979).
The Lukefakr case indicated that a defendant may avoid the additional imprisonment upon appropriate motion and hearing relying on Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971). In State v. Huffman, 480 So.2d 396 (La.App. 4th Cir.1985) the defendant made no showing of indigency until after the sentencing phase. The court, relying on the language in Lukefakr, vacated the defendant’s sentence and remanded the case for resentenc-ing.
As stated previously, there has been no showing made of the defendant’s indigen-cy, but the rationale of Lukefakr and Huffman would seem to apply in this case. The appropriate disposition is to remand this case to the trial court to afford the defendant an opportunity to establish her indigency and thus her inability to pay a fine and costs which might be imposed.
*568 Accordingly, for the reasons stated herein, the defendant’s sentence is reversed and vacated and the case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
DOMENGEAUX, J., dissents and assigns reasons.