ORDER
WRIT GRANTED AND MADE PEREMPTORY:
Relator’s sentence of five years at hard labor and a $2,500 fine in default of which to serve an additional five years imprisonment on one count of possession of amphetamines with intent to distribute and on a second count of conspiracy to distribute amphetamines are hereby vacated and set aside. The trial court may not impose an additional term of imprisonment of more than one year in default of payment of a fine. La.C.Cr.P. art. 884; State v. Jones, 447 So.2d 1050 (La.1984). Therefore, the five year sentence to be imposed upon default of payment is illegal, and may be vacated and corrected at any time. La.C. Cr.P. art. 882.
Furthermore, relator asserts his in-digency should preclude the imposition of a term of imprisonment in default of payment of the fine. It is, therefore, appropriate to remand this case to the trial court to afford the relator an opportunity to establish his indigency. State v. Hayward, 527 So.2d 566 (La.App. 3 Cir.1988); State v. Huffman, 480 So.2d 396 (La.App. 4 Cir.1985). If relator is found to be indigent, then an additional term of imprisonment in default of payment of the fine cannot be imposed. However, if the relator fails to establish his indigency, the terms of La.C. Cr.P. art. 884 should be applied by the sentencing court.