PER CURIAM.
The defendant, Milton Shubbie, was charged by bill of information with conspiracy to commit armed robbery, La.R.S. 14:26, 14:64. Pursuant to a plea agreement, he pled guilty to conspiracy to commit simple robbery, La.R.S. 14:26, 14:65, in exchange for the state’s promise not to press any other charges arising from the incident or to bill him as an habitual offender. The court sentenced him to three and a half years at hard labor (the maximum sentence) plus costs, with 30 days in jail in default of payment. Shubbie obtained an out of time appeal and now urges that the sentence is excessive. We affirm the conviction and hard labor part of the sentence, but vacate the portion that imposes jail time in default of costs.
At the Boykin hearing, the prosecutor stated that on July 5, 1985, an officer of First United Bank in Bernice was robbed at gunpoint. A short time later two men, Brewer and Cole, were arrested and charged in the matter. A third man, Perry, was arrested separately. After waiving their Miranda rights, Brewer and Cole gave statements admitting that they, Perry and a fourth man, Milton Shubbie of Shreveport, had met in Shreveport and planned the robbery. Cole further stated that all four men came to Bernice on July 2 (perhaps July 1) to rob the bank, but arrived after it was closed; they agreed to pull the robbery later. On July 5 Shubbie started to return to Bernice with them but changed his mind at the last minute and stayed in Shreveport. As a result of the coconspirators’ statements, Shubbie was arrested and charged with criminal conspiracy to commit armed robbery.
Shubbie tendered his guilty plea to the lesser offense on December 4, 1985; the court minutes show that he was represented by appointed counsel. Shubbie was sentenced on February 19, 1986. Appeal delays expired; Shubbie’s pro se motion for production of documents was denied on August 19, 1986. The record does not show his whereabouts for the next several years, but he filed a pro se motion to reinstate his appeal on May 20, 1991. The state suggests in brief (the matter is not of record) that he was free on bail for part of this time but was arrested on drug charges in Bossier Parish, where he is now incarcerated. Shubbie’s motion was granted, with an order to appoint Mr. Robert Earle of the *454 Indigent Defender Office to represent him on appeal.
The test of excessiveness is two-tiered, the first being a review for the district court’s compliance with the sentencing guidelines of La.C.Cr.P. art. 894.1. See, e.g., State v. Smith, 433 So.2d 688 (La.1983). Maximum sentences are typically reserved for cases involving the most serious violation of the offense and the worst type of offender. State v. Soco, 441 So.2d 719 (La.1983); State v. Madison, 535 So.2d 1024 (La.App. 2d Cir.1988). The general rule does not apply, however, when the defendant pleads guilty to an offense that does not fully describe his conduct; in such a case, the district court has great discretion to impose a maximum or near maximum sentence. State v. Richardson, 446 So.2d 820 (La.App. 2d Cir.1984). The defendant’s entire criminal history is also highly relevant. State v. Washington, 414 So.2d 313 (La.1982); State v. Palmer, 448 So.2d 765 (La.App. 2d Cir.), writ denied 452 So.2d 695 (1984).
Shubbie does not allege that the court’s compliance was faulty; indeed, this transcript shows adequate consideration of the factors. Notably, Shubbie was 35 years old at the time of the offense and thus not a youthful offender; he had military service in Vietnam. The court was very unfavorably impressed with Shubbie’s record, which dated to 1970 and included convictions for drug and firearms offenses; the instant charge was his third felony. There were also misdemeanor convictions for theft, public drunkenness and resisting an officer. In addition, the PSI reports that when Shubbie was arrested there was a detainer filed against him by the United States Marshal. All this shows a definite propensity to commit crimes of violence with firearms, a pattern he repeated in the instant case. The need for deterrence and public safety easily outweighed the rehabilitative goals that a lesser sentence would serve. The court was not wrong to find that correctional treatment of substantial length was needed.
The second tier is constitutional excessiveness. A sentence violates La. Const, art. 1 § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A grossly disproportionate sentence is one that shocks the sense of justice, when the crime and punishment are viewed in light of the harm done to society. State v. Hogan, 480 So.2d 288 (La.1985). A sentence within the statutory limits will not be disturbed absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983).
As originally charged, Shubbie faced a minimum of two and a half, and a maximum of 4972, years at hard labor without benefit of parole, probation or suspension of sentence; a third-offender bill would have raised the limits from 33 to 99 years, all without benefit. La.R.S. 15:529.1 A(2). By virtue of the plea bargain, however, Shubbie sliced his maximum to only three and a half years, with or without hard labor, and a fine of $1,500. This is a tremendous reduction. Given the benefit of the plea bargain and Shubbie’s record, we cannot say that the instant sentence of three and a half years at hard labor shocks our sense of justice. The assignment does not present reversible error.
We notice, however, that Shubbie has been treated as an indigent from his first court appearance. See Minutes of Court, December 4, 1985. We are constrained to find that the imposition of default time for nonpayment of costs will push his total sentence over the statutory maximum. This result violates equal protection. U.S. Const, amend. 14; Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970); State v. Lukefahr, 363 So.2d 661 (La.1978), cert. denied 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979). We therefore vacate the portion of the sentence that imposes default time in lieu of costs.
We have reviewed the entire record and find nothing else we consider to be error patent. La.C.Cr.P. art. 920(2).
*455 For the reasons expressed, Milton Shub-bie’s conviction is affirmed, as is his sentence insofar as it imposes three and a half years at hard labor. The portion of the sentence imposing default time in lieu of costs is vacated.
CONVICTION AFFIRMED. SENTENCE AFFIRMED IN PART, VACATED IN PART.